In the Matter of the Application of the CITY OF ROCHESTER to Acquire Certain Water Rights.

A judgment *in rem*, at least before it is finally executed, is not so conclusive upon the court as to prevent it from opening a default and vacating and setting aside the judgment, for the hearing of a new party and the determination of a new claim.

A fund paid into court as compensation for a water right taken by the city of R. in condemnation proceedings, and deposited in a savings bank was, by order therein, awarded to W. H. a creditor of the landowner in a contest between him and the executor of the landowner. Before the money was paid out, A. M. H., another creditor, asserting a priority of equitable lien, moved to open his default in said proceedings, and also brought an action to determine his equities, he was defeated in both and appealed, in aid of which he moved to stay payment until their determination. Thereupon said creditors entered into a stipulation to the effect that the fund on deposit might be withdrawn by W. H. pursuant to the order, and in case it should be finally decided, either in the proceedings or action, that A. M. H. was entitled to it or any part thereof, that W. H. would account for and pay over the same "with the same effect and to the same amount as if the same had actually remained on deposit." Pursuant to the stipulation the fund was paid over to W. H.; A. M. H. was allowed to intervene in the original proceeding and his claims were adjudged therein to be prior and paramount to those of W. H., who was directed to pay over pursuant to the stipulation. On appeal from the order it was claimed that the fund having been paid over to W. H. pursuant to the lawful order of the court, it had ceased to be under its control in the original proceeding. *Held*, untenable; that under the stipulation the fund was so paid over subject to the power of the court to divert the fund to a new ownership.

Also *held*, the fact that A. M. H. aided and assisted the executor in his contest, did not make him a party thereto, so as to bind him by the order therein, or prevent the opening of the decision thereon and a determination as to his claim.

Two mortgages upon the premises at the time of the institution of the condemnation proceedings were after payment of the award into court foreclosed, and the land, excepting the water rights, was sold and conveyed. There was a deficiency upon one mortgage the amount whereof was paid by W. H. out of the fund and allowed to him by the order. *Held*, that the title to the fund did not pass to the purchasers on the foreclosure sale; that while the fund was to be regarded as standing in the place of the land for the purpose of measuring and determining the rights of the parties interested, the paramount right of the city withdrew from the liens of the mortgages the water right condemned and the

balance of the land only could be sold on the foreclosure, and the right of the mortgages became only an equitable lien on the funds in the hands of the court to the extent of any deficiency.

(Argued October 19, 1892; decided November 29, 1892.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 14, 1892, which affirmed an order of Special Term confirming the report of a referee as to the distribution of a fund deposited to the credit of the above-entitled proceeding.

This was a motion on behalf of Alexander M. Holden, to be allowed to intervene in the above-entitled proceeding and file a notice of his claim upon an award made for certain water rights taken by the city of Rochester for the purpose of increasing its supply of water.

The facts, so far as material, are stated in the opinion.

*Theodore Bacon* for appellant.   The contention of Holden's counsel, in opposition to the motion of Perkins and others for leave to intervene, that the fund in question was no longer within the jurisdiction of the court to be reached upon a summary application, was well founded, and should be fatal to the application both of Perkins and of Holden.   (*Heyer* v. *Burger*, Hoffman, 1; *Germond* v. *People*, 1 Hill, 343; *Garcie* v. *Sheldon*, 3 Barb. 232; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Beach* v. *Nixon*, 5 Seld. 35; *Griswold* v. *Hazard*, 141 U. S. 260; *Holden* v. *Hamilton*, 55 Hun, 609.)   Holden is concluded by the order of the Court of Appeals in this proceeding, and the order of the Supreme Court made in pursuance of it, awarding the fund in question to Hamilton.   (*Mankin* v. *Chandler*, 2 Brock. 125; *In re U. E. R. R. Co.*, 112 N. Y. 61; *Merriam* v. *Sewell*, 8 Gray, 316, 327; *Bogardus* v. *Clark*, 4 Paige, 623; *Vanderpool* v. *Van Valkenburgh*, 2 Seld. 190; *Cecil* v. *Cecil*, 19 Md. 72, 79–81; *Lawrence* v. *Englesby*, 24 Vt. 42; *Cushing* v. *Laird*, 107 U. S. 69; *Ashton* v. *City of Rochester*, 133 N. Y. 187; *Robbins* v. *City of Chicago*, 4 Wall. 657; *Jay* v. *De Groot*, 2 Hun, 205; *Dem-*

*orest* v. *Darg*, 32 N. Y. 281; *Leavitt* v. *Wolcott*, 95 id. 212, 221; *Dwight* v. *St. John*, 25 id. 203; *Henderson* v. *Henderson*, 3 Hare, 100; Code Civ. Pro. § 194; *Sibbald* v. *U. S.* 12 Pet. 488; *Humphrey* v. *Baker*, 103 U. S. 736.) Even if Holden has any claim whatever upon the fund, it is a claim addressed in this proceeding to a court of equity, and it can be enforced only upon equitable principles. (*Stanton* v. *Hatfield*, 1 Keen, 358; *Thompson* v. *Cooper*, 2 Colly. 87; *Sutton* v. *Doggett*, 3 Beav. 9.) The concealment shown, avowedly made in Smith's interest, goes further than to operate as a mere estoppel. It makes the entire transaction fraudulent and void against the parties affected by it. (1 Jones on Mort. §§ 602–604; *Briggs* v. *Jones*, L. R. [10 Eq.] 92; Big. on Estopp. chap. 18, pp. 431–442, 449–502; *Zimmer* v. *Miller*, 64 Md. 296; *Thomas* v. *Kellsey*, 30 Barb. 268.) But Holden's rights, whatever they might have been at some time, to the realty of which the fund in court is a part, have been completely foreclosed and cut off by two separate actions of foreclosure and sale under prior mortgages. For the Erickson mortgage was as completely prior to Holden's by reason of its record as if it were dated and recorded a year before the date of Holden's. (*In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342, 349; *Utter* v. *Richmond*, 112 id. 610, 613; *Seward* v. *Huntington*, 94 id. 104; *Iverson* v. *Loberg*, 26 Ill. 179.) The paper produced and relied upon as Holden's title to the fund in question was not executed, acknowledged and delivered upon the day it bears date, and that paper is not, as it now stands, a genuine instrument. (Code Civ. Pro. § 936; *Herrick* v. *Malin*, 22 Wend. 388; *Jackson* v. *Osborn*, 2 id. 555; *Smith* v. *McGowen*, 3 Barb. 404; *Acker* v. *Ledyard*, 8 id. 514; *Tillou* v. *C. & E. M. Ins. Co.*, 7 id. 564; *Waring* v. *Smyth*, 2 Barb. Ch. 119.)

*Joseph S. Hume* for appellant. The award stands in place of the land. (*Utter* v. *Richmond*, 112 N. Y. 610; *M. Ins. Co.* v. *Salem*, 3 Hun, 117.) Holden's mortgage is void as against these claimants. (*Pickett* v. *Barron*, 29 Barb. 505;

*M. & F. Bank* v. *Nixon*, 42 N. Y. 438; *M. L. Ins. Co.* v. *Smith*, 23 Hun, 535; Jones on Mort. § 611.) Holden's claim was precluded by our proceedings in foreclosure. (Code Civ. Pro. § 1671; *Ayrault* v. *Murphy*, 54 N. Y. 203; *Ostrom* v. *McCann*, 21 How. Pr. 431.)

*William F. Cogswell, Jr.*, for respondent. The power of the Supreme Court over its judgments, and of the Court of Chancery over its decrees, to the end that justice may be done, is abundantly well settled. (*Hatch* v. *C. N. Bank*, 78 N. Y. 487; *Millspaugh* v. *McBride*, 7 Paige, 509; *Tripp* v. *Vincent*, 8 id. 176.) The court, having the fund in its possession, had complete control of its disposition, notwithstanding any previous order or decree. (*Gillespie* v. *Alexander*, 3 Russell, 130; *Williams* v. *Gibbs*, 17 How. [U. S.] 239; *M. L. Ins. Co.* v. *Salem*, 3 Hun, 117.) The proceedings had before Mr. Cronise, which went up to the Court of Appeals, and also the motion made by Mr. Holden for leave to come in, which was argued before Judge RUMSEY in February, 1887, and denied, do not have the effect of estoppel of record precluding Mr. Holden from setting up the claim that he now advances. (*S. C. Bank* v. *Alberger*, 61 How. Pr. 227; *In re Spellman*, 74 N. Y. 448; *Riggs* v. *Pursell*, Id. 370; *In re City of Rochester*, 121 id. 682.) The fund in court as to the respective liens thereon, at the time the money was paid into court, partakes of the nature of realty, and is to be treated as its representative. (*In re City of Rochester*, 110 N. Y. 159.) The mortgage given by George R. Smith to Holden is a lien superior to the mortgage given by him to Erickson, Jennings & Co. (*Cary* v. *White*, 52 N. Y. 138; Jones on Mort. § 163.) The mortgage to Holden is a lien superior to the assignment to Hamilton. (*Westbrook* v. *Gleason*, 79 N. Y. 23.) All questions of fact in reference to Holden's mortgage having been decided by the General Term in favor of Holden, the decision of the Supreme Court in reference thereto is conclusive upon this court. (Code Civ. Pro. § 1337; Greenl. on Ev. § 564.) The claim of Mr. Hamilton that the court has no

jurisdiction over the fund, it having been withdrawn from the savings bank pursuant to the stipulation of the parties, will now receive, though we submit does not require any, consideration. (*Chamberlain* v. *Choles*, 35 N. Y. 477; *Ex parte Morris*, 9 Wall. 605; *N. F. Co.* v. *Brock*, 139 U. S. 216.)

FINCH, J.   The questions involved in this appeal arise from a struggle among creditors for a priority of payment out of a fund paid into court by the city of Rochester as compensation for a water right, taken from the landowner by condemnation proceedings.   The fund was once awarded to William Hamilton in a contest between him and the executor of the landowner, but to which Alexander M. Holden was not a party. Before the money was paid over to Hamilton, Holden intervened, asserting a priority of equitable lien, and pending that litigation and because of it, the fund was transferred from the savings bank to Hamilton under and by force of a stipulation which first recites the facts and then proceeds thus: "Now, therefore, it is stipulated and agreed that the said fund so on deposit in the Mechanics' Savings Bank, or such part thereof as shall be withdrawn by said Hamilton in pursuance of the said order of this court in case it shall be finally held either in the above-entitled proceeding or in the said action, that the same, or any part thereof, rightly belongs to said Holden, and any order or judgment shall finally be made which directs the same, or any part thereof, to be paid to the said Holden, the said Hamilton will account for the fund so withdrawn by him, with interest thereon from the time of his withdrawal thereof to the time of such payment at the rate of four per cent per annum, and will pay over to said Holden such sum of money with the same effect and to the same amount as if the same had actually remained on deposit in the said savings bank at the rate of interest aforesaid."   In accordance with this stipulation, the fund was transferred to the custody of Hamilton, and Holden was allowed to intervene in the original proceeding and set out and assert his claims, which have been recognized as prior and paramount to those of Hamilton.

At the outset of the argument it is contended on behalf of Hamilton that the fund is no longer in court; that it has been paid over to him in pursuance of a lawful order of the court for its distribution; and has ceased to be subject to control in the original proceeding. It is insisted that such proceeding is at an end, with all its purposes accomplished and all its authority exhausted, and that the sole remedy of Holden is through an action against Hamilton based upon the former's equitable right and the terms of the stipulation. The objection is of course formal and outside of the merits of the controversy, but it goes to the jurisdiction, and if sustained is decisive of the appeal. But I am unable to see that the transfer of the fund to Hamilton under the terms of the stipulation was intended to or did take the money out of court, and end the judicial control over it flowing from the nature of the condemnation proceeding. The stipulation itself recites the existing situation as the cause and occasion of the agreement. The fund had been adjudged to belong to Hamilton as between him and the executor of Smith, but nothing had been adjudged as against Holden unless possibly by a default which the court was at liberty to excuse and open. Holden intervened to stop and prevent payment of the fund under the existing order, to retain that fund in court and subject to another and different judicial distribution founded upon claims and equities never as yet presented for consideration. He was endeavoring to lay his hand upon the fund with a view to keep it undistributed until his equities should be determined; and for that purpose had in progress and pending both an action and a motion to open his default, in each of which he had been defeated, but had taken an appeal pending and in aid of which he had moved to stay payment until the appeals should be determined. In this situation of affairs the stipulation was made, and it explicitly provides that if it shall be finally held either in the action or proceeding that the fund in whole or in part belongs to Holden " the said Hamilton will account for it with the same effect and to the same amount as if the same had remained actually on deposit in the

said savings bank." The stipulation recognizes the pendency
of the condemnation proceeding, Holden's effort to be heard
therein, his possible success, and Hamilton's duty thereupon
to pay over the fund; and it is subject to that right, subject
to the power of the court in that proceeding to divert the
fund to a new ownership, that the consent is given; not to
divest the court of its jurisdiction, but merely to change the
custody of the fund. I think it would be a manifest perver-
sion of the terms and purpose of the stipulation to hold
otherwise.

Several further propositions advanced by the appellant may
be considered together since they admit substantially of one
and the same answer. It is argued that Holden is bound by
the original order which awarded the fund to Hamilton,
because that was a proceeding *in rem* which bound every
possible interest in the fund; because Holden aided and
assisted the executor in that proceeding and so was represented
by him; and because the order of this court embodied in its
remittitur could not be changed or varied in the court below.
All these things may be to some extent or in some manner
true without in the least touching the right of the court to
open a default or let in to defend one who had omitted to
assert his rights in regular and due season. A judgment
*in rem*, at least before it is finally executed, is never so con-
clusive upon the court which rendered it as to prevent it from
opening a default or vacating or setting it aside for sufficient
reason. That Holden mistakenly supposed that his interests
lay in the success of the executor and so aided and assisted
the latter did not make him a party to the proceeding or
involve his right to the fund as between him and Hamilton,
and an order of this court while conclusive between the parties
litigating does not prevent the opening of the judgment by
the court whose judgment it has become for the hearing of a
new party and the determination of a new claim.

The appellant further contends that title to this fund passed
to the respective purchasers upon the foreclosure sales under
the two prior mortgages, upon the ground that the fund stood

in the place of the land. It was to be so regarded for the purpose of measuring and settling the rights of the parties interested (*In Matter of City of Rochester*, 110 N. Y. 159; *Utter* v. *Richmond*, 112 id. 610), but the paramount right of the city withdrew from the lien of the mortgages the water-right, condemned and transferred it to the city free and discharged from the mortgage liens. That occurred before either sale. The balance of the land only could be sold and conveyed on the foreclosure; the referee's deed could convey and did convey only that balance; and the right of the mortgagees became merely an equitable lien upon the fund in the hands of the court to the extent of any deficiency which the land sold did not pay. There was such a deficiency on the sale under the Smith mortgage. There could have been none on the theory that the whole fund was for sale, and would pass by the referee's deed. Application was made to the court for the payment of that deficiency which was granted, and Hamilton thereupon paid it, and has been allowed to retain that payment as against Holden. Pending the proceedings on the motion for distribution, Hamilton has acquired the title of the purchaser, but that title covered only the land remaining under the lien of the mortgage. The fund was not sold; it simply remained in the hands of the court for distribution. As to it, so much of the purposes of a foreclosure as consists in turning land into money was already accomplished, and the money stood in the place of the land for the purpose of equitable distribution and not as a subject of a needless and superfluous sale.

Treating it as land to ascertain and fix rights could not alter the real and existing fact, that it was proceeds of land already sold, and merely awaited distribution according to the antecedent rights and liens of those interested. Neither foreclosure gave title to the fund, or altered the duty of proper distribution by the court. That fund was the product of a paramount proceeding which cut off every right in the water both of owners and incumbrancers, so that there could be neither sale nor foreclosure as to that, and instead there remained an equitable

lien upon the proceeds to be worked out by the court empowered to distribute.

Two further objections are made to the recovery by Holden : one that he is equitably estopped from setting up his lien by reason of a conversation with Hamilton relating to Smith's affairs; and the other that Holden's mortgage was a fraudulent and not a genuine instrument. It seems only necessary to say that none of the essential elements of an estoppel existed in the casual conversation relied on; and that the findings settle upon the evidence the question of fact, as to the genuineness of Holden's mortgage.

That mortgage had priority over Hamilton's assignments both as to its execution and its record; and over the Perkins mortgage because earlier executed and although that instrument was first recorded it gained no advantage from that priority, because given to secure an antecedent debt.

The order should be affirmed with costs.

All concur.

Order affirmed.