(30 Misc. Rep. 295.)

## In re CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. January 22, 1900.)

EMINENT DOMAIN—COMPENSATION—MORTGAGEE—SUBROGATION.

> The owner of a second mortgage on property condemned for municipal purposes subsequent to the time when the title thereto vested in the municipality foreclosed his second mortgage, and on the sale thereof subject to the first mortgage his bid therefor was for less than the amount of his mortgage. The owner of the second mortgage thereafter paid the first mortgage. The commissioners in condemnation proceedings awarded the owner of the second mortgage the amount of the deficiency on the second mortgage as damages. *Held*, since the owner of the second mortgage satisfied the lien of the first mortgage by payment thereof, he is not entitled to subrogation to the rights of the first mortgagee, so as to claim damages for any interest in the premises which he might have acquired under the first mortgage had he taken an assignment thereof instead of paying the same.

Motion to confirm the first partial and separate report of the commissioners of estimate and apportionment in the matter of the application of the city of New York relative to acquiring title to East 149th street from the Southern Boulevard to the United States bulkhead line of the Harlem river. Charles P. Faber objected to the confirmation. Objections overruled.

John Whalen, Corp. Counsel.
James A. Dunn, for Maria Padula and others.
Gumbleton & Hottenroth, for Charles P. Faber.

GIEGERICH, J. As to damage No. 157, I find myself compelled to the view that the award is to be upheld as against the objections interposed by the present owner, Faber. This party, a second mortgagee, foreclosed and purchased after title to the portion of the premises condemned had vested in the city of New York. See Laws 1895, c. 449. His bid upon the sale was made for the property subject to the first mortgage of $10,000, and, there being a deficiency upon this sale, he was entitled to, and has been awarded, the amount of that

deficiency in these proceedings. His interest in the property as second mortgagee was thus properly protected. Hill v. Wine, 35 App. Div. 520, 523, 54 N. Y. Supp. 892. But it is now claimed that he has a further interest by reason of the fact that he subsequently paid off the first mortgage. The argument is that, but for this payment, the first mortgagee would have held a valid claim upon this award for the amount of a possible deficiency, and that by the payment this objector became subrogated to the prior lienor's rights. The difficulty with this position is that there is no means whereby the amount of any possible deficiency upon the first mortgage might be determined, and, since the objector chose to satisfy the lien, instead of keeping it alive by assignment, the legal aspect of the situation is such as to preclude his asserting any lien. In the absence of proof that the objector could possibly establish a right to a deficiency, there was no basis for the award being made to unknown owners for the protection of such right; and, for the purposes of this proceeding, it was to be assumed that the party, when satisfying the lien, did so in recognition of the fact that the value of the land justified the expenditure. If he was mistaken in his investment, there would certainly seem to be no power in the court to aid him in the present proceeding. The award to the owner of the equity of redemption of the land in suit when the city took possession thereof, one Maria Padula, was proper, because title thereto did not pass to the purchaser under the said judgment of foreclosure and sale. Hill v. Wine, supra. In the case last cited, Mr. Justice Ingraham, speaking for the court, at page 523, 35 App. Div., and page 894, 54 N. Y. Supp., said:

"The interest of both the mortgagor and the mortgagee in the mortgaged premises was acquired by the city for public use, and in place of that interest in the land the plaintiff had the right to require the city of New York to pay the value of her interest directly to her. The plaintiff's right of action against the obligor upon the bond was not affected, and, if the award by the city was not sufficient to pay the mortgage, the mortgagees would have a cause of action against the plaintiff upon the bond; but, the lien upon the mortgaged premises having vested in the city, there was no lien or mortgage that the plaintiff could foreclose."

An order may therefore be presented confirming the award in this instance.

As to the objection to award No. 239, I understand that the report has been, so far, confirmed. If the confirmation is claimed to have been due to a misconception of counsel's position, that fact should be made apparent upon the record.