(Supreme Court, Special Term, New York County. April, 1901.)

1. OPENING STREET—AWARD OF DAMAGES.

Where a house is taken in part for a street opening, an award for damages to it will not be set aside because $500 more damages was awarded for a house two doors away, which witness testified was of the same value, and from which the same amount of frontage was taken.

2. SAME—RIGHT TO PROCEEDS.

Where title to premises had vested by condemnation in the city before sale under foreclosure, the purchaser at the sale is not entitled to the compensation awarded.

3. SAME—UNKNOWN OWNERS.

Laws 1897, c. 17, § 985, permits commissioners of estimates and assessments to make an award of damages to unknown owners whenever they are unable to ascertain with certainty the names of the owners of any parcel of the land taken. Held, that where a foreclosure suit was pending, and a lis pendens had been filed prior to the vesting of title to the land taken in the city, and the judgment of foreclosure thereafter taken transferred the award in terms to the mortgagee, the award should be made to him, and not to the unknown owners.

In the matter of acquiring title to Washington avenue and East 159th street to Pelham avenue. Application to confirm the report of commissioners of estimates and assessments. Report confirmed, except as to one claim.

John Whalen, Corp. Counsel, for commissioners.

Adolph C. Hottenroth and Isidor Grayhead, for claimants and objectors.

LAWRENCE, J. This is an application to confirm the report of the commissioners of estimate and assessment in the above-entitled proceeding. Three objectors have been heard in opposition to the confirmation of the report. It is urged on behalf of Henry Hockmann, who is the owner of damage parcel No. 118, that the award

made for the improvements embraced in said parcel is not as great as that which has been allowed to the owner of damage parcel No. 115. It is alleged that the city's witness testified that the two improvements were precisely similar, but it appears that the city's witness, in making the valuation, made a difference of $500 between the improvements on damage parcels 115 and 118 in favor of the former parcel. The objectors' counsel states that "as both buildings, by city's expert, were equal in value before the taking, and the same quantity of frontage taken from each, the damage should be the same." This does not necessarily follow. The commissioners are not bound to take the statement of either of the witnesses as to the value of the land or the improvements, inasmuch as they act upon a personal view of the premises; and it may well be, as is urged by the counsel to the corporation, that the cutting off in one house affected its interior arrangement more than the other. Inasmuch as it does appear from the papers before me that the amount of the final award is greater than the damages accorded to these owners by the city's witness, I do not think that this is a case in which the award of the commissioners should be disturbed, or that any such error in principle in the action of the commissioners is disclosed as would justify the court in interfering with the award. In re William & Anthony Sts., 19 Wend. 678; In re Broadway Widening, 63 Barb. 572; In re Wendover Ave. (Sup.) 20 N. Y. Supp. 563; In re Brook Ave., 8 App. Div. 294, 40 N. Y. Supp. 949. It is claimed by the objectors Butterworth and wife that the award for parcel damage No. 540 should have been made to them instead of to "unknown owners." The amount of such award is $85. Their counsel contended that the award should be made to the Butterworths because they had obtained a deed to the property taken at a foreclosure sale in which the lis pendens was filed and all the proceedings were had subsequent to the date of vesting of title in the city to the land for which the award is made. It was held by the court of appeals in Re City of Rochester, 136 N. Y. 83, 32 N. E. 702, "that a purchaser at a foreclosure sale of property, the title to which has vested in the city prior to the foreclosure sale, obtains neither the property nor any right to the award which was made for it; that, if there be a deficiency arising at the sale, the mortgagee is protected to the extent that the award is necessary to satisfy the deficiency."

It is claimed by the counsel to the corporation that all the parties interested did not appear before the commissioners, and that, therefore, there was sufficient doubt in the transaction to permit the commissioners to make the award to unknown owners, as provided by section 985 of the charter, which provides "that whenever the said commissioners shall be unable to ascertain with sufficient certainty the name of any owner of any parcel of said lands, they shall indicate such parcel, upon the diagram embracing it, as belonging to unknown owners." In view of the fact that it appears that the awards in this case aggregated $692,996.75, embracing between 600 and 700 parcels of land, I do not think that the commissioners' report in this respect should be disturbed, and that the objecting party should be left to present his application in the usual

form where awards are made to unknown owners. It is objected, on behalf of Jared W. Bell, claimant of award for damage to parcel No. 332, which award has also been made to "unknown owners," that his case differs from the case which was presented to the court in Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892, and in Re City of Rochester, supra, inasmuch as a default had been made in the payment of the interest on the mortgage which existed upon said property, and a lis pendens was filed in a foreclosure suit prior to the vesting of the title in the city of New York to the land acquired in this proceeding. The judgment of foreclosure was subsequent to the vesting of title; and the sale, which took place pursuant to the judgment in foreclosure, also occurred subsequent to the vesting of the title, but it appears that in the judgment of foreclosure the award was in terms transferred under the foreclosure decree and by the referee's deed. That decree cannot be attacked collaterally, and as all the parties interested in the property covered by the mortgage must be assumed to have been parties to the suit, in the absence of any evidence to the contrary, I do not think that this case falls within the doctrine laid down in the cases cited, and therefore I think that the commissioners would have been justified in making the award to Mr. Bell. The proper order to be entered, I think, therefore, will be to confirm the report of the commissioners in every respect excepting in regard to the claim filed by Mr. Bell, and in that respect the report should be sent back for correction.

Ordered accordingly.