(75 Misc. Rep. 251.)

GERMAN SAVINGS BANK IN CITY OF NEW YORK v. DUNN et al.

(Supreme Court, Special Term, New York County. January, 1912.)

1. EMINENT DOMAIN (§ 148*)—PROCEEDINGS TO ASSESS COMPENSATION—PERSONS ENTITLED—INTEREST.

Under Greater New York Charter (Laws 1901, c. 466) § 1439, providing that all leases and other contracts relating to lands taken in condemnation proceedings shall cease, a mortgagee of such lands is entitled to that part of the award which will liquidate the mortgage debt, with interest at the legal rate from the vesting of title in the city, though prior thereto the rate of interest was reduced by agreement between the owner and mortgagee to 4½ per cent., at which payments were made and accepted.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 397–399½; Dec. Dig. § 148.*]

2. PLEADING (§§ 225, 345*)—MOTIONS—JUDGMENT ON PLEADING.

Where the denials in the answer were directed merely against the legal conclusions from the allegations of fact in the complaint, and a demurrer to a separate defense pleaded is sustained, plaintiff is entitled to judgment on the complaint with leave to defendant to serve an amended answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–583, 1055–1059; Dec. Dig. §§ 225, 345.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the German Savings Bank in the City of New York against Catherine E. Dunn, impleaded with the City of New York, to have certain mortgages on land taken in condemnation proceedings paid from the award to the owner. Cross-motion of defendant Dunn for judgment on the pleadings and for a dismissal of the complaint denied, and judgment rendered for plaintiff.

A. Henry Mosle, for plaintiff.

Harry G. Smith, for defendant Dunn.

BIJUR, J. This is an action against defendants Dunn and the city of New York, involving the following state of facts:

Plaintiff was mortgagee under mortgages securing $10,000 each on three separate parcels of real estate. The defendant Dunn was the owner of said parcels. By appropriate proceedings under section 1439 of the charter, to acquire a site for the approach to the Blackwell's Island bridge, the title of these parcels was vested in the city of New York on September 9, 1905. The report of the commissioners was filed on December 7, 1910, the award for loss and damage running to defendant Dunn, as owner; the amount being $87,250, subject to the lien of the amount remaining unpaid on the said three mortgages. The report was confirmed April 10–11, 1911. Plaintiff asks that it be declared entitled to the payment of the $30,000, with legal interest from September 9, 1905, less $757.50 interest paid by defendant Dunn to the plaintiff in the interval, and that, if necessary, a referee be appointed to ascertain the amount due plaintiff.

The defendant Dunn interposes an answer, which, after denying the legal conclusion involved in the complaint, sets up as a separate defense that prior to September 9, 1905, by agreement between plaintiff and the then owner of the premises, the rate of interest on the bonds and mortgages involved was reduced to 4½ per cent., and that after said date plaintiff accepted interest at said rate; that on August 10, 1911, defendant tendered plaintiff $37,248.22 in payment (together with $5 for a satisfaction piece), that being the amount of principal and interest due at the rate of 4½ per cent., which tender was refused.

The contention of plaintiff that this tender was in no event effective, because not kept good in the answer, need not be decided, in view of the conclusion at which I have arrived.

[1] It will be seen that the controversy is limited to the question whether plaintiff, as mortgagee, is entitled to the interest at 6 per cent. from the time of the vesting of the title in the city, or whether defendant Dunn, as owner, shall receive the 6 per cent., while plaintiff's right is limited to 4½ per cent. I have examined the numerous cases cited in the briefs, but, as admitted by counsel, none is directly in point.

Defendant's argument is based exclusively on the respective rights of mortgagor and mortgagee, and disregards the provisions of the charter and the decisions thereon, which plainly change those rights in circumstances like those presented in this case. Section 1439 provides that "all leases and other contracts in regard to lands so taken shall cease and determine." It seems to me that the result of cases like Matter of City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L.

R. A. 161, Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554, and Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892, is that the fund in the hands of the city, to the amount necessary, namely, $30,000 took the place of the land as security for the debt due plaintiff, and that the relations between the plaintiff and the defendant Dunn, the owner, as mortgagor and mortgagee, were terminated to the extent that, of course, no foreclosure could take place, as no lien or mortgage survived and as the land had already been reduced to money. The city's obligation became one to pay to the owner, or to the persons entitled to the whole or part of the fund by way of existing mortgage or other lien, the respective appropriate amounts, upon their determination upon a proper proceeding, and the present proceeding is a proper one in which the remaining equities between the owner and the mortgagee can and should be adjusted. In Matter of City of New York, 107 App. Div. 25, 94 N. Y. Supp. 838, it was pointed out that interest at the legal rate is awarded in these proceedings because the owner is deprived both of the use of the land and the use of the money as its value. It is equally true in the case at bar that the mortgagee, whose mortgage debt had long been overdue, was in invitum deprived of his theretofore existing right to obtain his money by the ordinary means of a foreclosure sale. It seems no more than equitable and just, therefore, that the mortgagee in respect of that part of the fund which would liquidate the mortgage debt should be placed in the same position as is the owner, to wit, the holder of the equity of redemption, in respect of the balance of the fund which represents the balance of the property. In this view, I hold that the plaintiff is entitled to 6 per cent. on $30,000 since the date of the vesting of the title to the property in the city, less any amounts heretofore paid to it on account of such interest by the defendant Dunn. Indeed, as intimated in Matter of City of New York, supra, any other ruling would, to my mind, render the statute unconstitutional under article 1, § 6, of the Constitution, as involving the taking of private property without payment of its value.

[2] As the denials in the answer apart from the separate defense, are directed merely against the legal conclusions arising from the allegations of fact in the complaint, and as the demurrer to the separate defense should be sustained, plaintiff is entitled to judgment on the complaint against the defendant Dunn, with leave to said defendant to serve an amended answer within 20 days upon payment of $10, costs of this motion, and the costs of the action to date.

The cross-motion of defendant Dunn for judgment upon the pleadings and for a dismissal of the complaint is necessarily denied. Gordon Kleeberg, Esq., is appointed referee to take proof and report upon the amount due plaintiff.

Judgment for plaintiff.