In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property That Shall or May Be Required for the Widening of Chrystie Street, from Canal Street to East Houston Street; Forsyth Street, from East Broadway to East Houston Street; Hester Street, Broome Street, Rivington Street and Stanton Street from Chrystie Street to Forsyth Street, Together with the Additional Lands to Be Acquired in Connection Therewith in the Borough of Manhattan, City of New York.

FANNIE A. KALLIS and Another, Appellants, Respondents; GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, etc., Appellant; CHARLES W. BERRY, Comptroller of the City of New York, Respondent.

First Department, November 3, 1933.

*Louis. Salant* of counsel [*Stein & Salant,* attorneys], for the appellants, respondents, Kallis and Gerstle.

*Russel S. Coutant* of counsel [*George W. Palmer* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the appellant Guaranty Trust Company of New York.

*Joseph J. Dunn* of counsel [*Joel J. Squier* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

O'MALLEY, J. The appellants Kallis and Gerstle, hereinafter designated owner, were vested with the fee of property designated parcel No. 241 in street widening proceedings, wherein the city of New York acquired title. The appellant Guaranty Trust Company of New York, hereinafter designated mortgagee, held, as trustee, two consolidated bonds in the sum of $22,000, bearing five per cent interest, collateraled by mortgages which were a first lien upon the premises.

Two broad questions were presented. The first relates to the right of the owner and mortgagee to interest for periods between July 12, 1931, and December 22 and 27, 1932. The second is concerned with the right of the mortgagee to recover from the owner interest on the consolidated mortgages after the city of New York had acquired title.

The city took title August 9, 1929. The owner made due proof of fee ownership. The mortgagee filed a notice of claim for the principal sum of $22,000 with one per cent interest from August 9, 1929, to December 1, 1929 (the owner having paid interest at the stipulated five per cent rate to December 1, 1929), and for six per cent interest on the principal sum after December 1, 1929. Thereafter, by a final decree of Special Term, dated January 9, 1931, entered and filed January 12, 1931, an award was made to the

owner in the sum of $102,000 as the value of the property on the date of taking, together with interest of $8,670 from such date to the date of the filing of the decree, a total award of $110,670, subject to the consolidated mortgage in the principal sum of $22,000 and interest.

On appeal by the city to this court the final decree of Special Term was affirmed by order and judgment dated July 6, 1932. Subsequently and by judgment of the Court of Appeals dated October 26, 1932, the order of this court was affirmed. (236 App. Div. 321; 260 N. Y. 583.)   Thereafter the order and judgment of the Court of Appeals was made the order and judgment of the Supreme Court.

Between the entry and filing of the final decree of Special Term on January 12, 1931, and the affirmance in the Court of Appeals October 26, 1932, neither the owner nor the mortgagee served a demand for payment of principal or interest upon the comptroller of the city of New York.   On December 22, 1932, however, the mortgagee served such demand, as did the owner on December 27, 1932.

Section 981 of the Greater New York Charter provides: " Interest shall cease to run on the sums awarded as damages six months after the date of the filing of the final decree   *   *   *, unless within that time demand therefor, in writing, be served upon the comptroller."

The main question to be decided is whether the six months' period commenced to run on the date of the entry and filing of the final decree at Special Term, or, as between the parties to the appeal, on the date of the last order and judgment of the court finally disposing of the issues.

We are of opinion that the six months' period is to be computed from the last-mentioned date.   It was so decided by this court in *Woodward-Brown Realty Co.* v. *City of New York* (203 App. Div. 625).   While the Court of Appeals reversed this decision upon the ground that an improper remedy had been invoked (235 N. Y. 278), subsequently the Second Department adopted our view upon the point involved (*Matter of City of New York* [*East River Park*], 209 App. Div. 662; affd., 239 N. Y. 524).   In that case the final decree of Special Term was modified on appeal to the Appellate Division.   The modification did not affect the amount to be paid by the city, but related only to a dispute as between the owner and the mortgagee.   In our view, therefore, it is immaterial whether the final decree of Special Term was modified or in all respects affirmed.   This ruling in *Matter of City of New York* (*supra*) has but recently been approved and followed

by the Court of Appeals in *Matter of City of New York* (*Upper New York Bay*) (248 N. Y. 64).

It follows, therefore, that the order of Special Term, so far as it denied interest on the award from July 12, 1932 (six months after the entry and filing of the final decree at Special Term), to the dates when the demands were served, December 22 and December 27, 1932, should be reversed and the motion granted to that extent.

With respect to the second question under consideration, we are of opinion that the order of the Special Term should be affirmed. Broadly speaking, the mortgagee asserts the right to look to the owner of the fee for interest on the mortgage subsequent to the date of acquisition of title by the city of New York. Because of such contention $3,500 of the amount heretofore paid by the city has been placed in escrow with the comptroller of the city of New York pending final disposition of this question.

Section 969 of the Greater New York Charter defines an " owner." as " a person having * * * a lien, charge or incumbrance " on " the real property to be acquired," and in defining " real property," such is said to include " every estate, interest, and right, legal or equitable, * * * and liens by way of * * * mortgage or otherwise." The mortgagee, therefore, had the status of an owner to the extent of its mortgage lien.

When the city of New York acquired title it took the property free and clear from all claims, legal or equitable. (*Merriman* v. *City of New York*, 227 N. Y. 279, 285, 287, 290.) There was left to the mortgagor and the mortgagee the obligation of the city to pay the value of their respective interests. (*Hill* v. *Wine*, 35 App. Div. 520.) After title vested the rate of interest payable to a claimant-mortgagee is not that fixed in the bond and mortgage, but the legal rate. (*Irving Trust Co.* v. *Hughes*, 239 App. Div. 74.)

It is apparent that the mortgagee itself realized that after title vested any future interest must come from the city. It filed a claim in the proceeding and demanded an award of the principal of the bond and mortgage with interest at one per cent from August 9, 1929, to December 1, 1929 (it already having received five per cent from the owner as called for on the bond), and requested six per cent thereafter, an increase during the periods in question of one per cent over the rate called for by its mortgage. Moreover, when the fee owner attempted to pay interest at five per cent from December 1, 1929, to June 1, 1930, the mortgagee returned the check on the ground that payment was properly to be had from the city of New York. Again, as already stated, it served its own demand upon the comptroller upon December 22, 1932, for the payment of principal and interest on the bond and mortgage, and

demanded " the amount of an award made in favor of said claimant, Guaranty Trust Company of New York."

We are of opinion, therefore, that any further interest claimed by the mortgagee must be obtained from the city of New York on its award. Consequently, the $3,500 placed in escrow with the comptroller was properly directed by Special Term to be paid to the owner.

It follows, therefore, that the order, in so far as appealed from by the owner, should be reversed and the motion granted to the extent indicated, and so far as appealed from by the mortgagee, affirmed, with twenty dollars costs and disbursements to the appellant-owner as against the city of New York.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Order in so far as appealed from by the owner reversed and motion granted to the extent indicated, and so far as appealed from by the mortgagee, affirmed, with twenty dollars costs and disbursements to the appellant-owner as against the city of New York. Settle order on notice.