**UNITED STATES v. CERTAIN LANDS IN BOROUGH OF BROOKLYN, KINGS COUNTY, STATE OF NEW YORK et al.**

No. 476.

District Court, E. D. New York.

Sept. 23, 1941.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., (Edward H. Murphy, of New York City, Sp. Atty., for Department of Justice, of counsel), for petitioner-plaintiff.

Wingate & Cullen, of Brooklyn, N. Y. (Joseph B. Cavallaro and Cyrus S. Jullien, both of Brooklyn, N. Y., of counsel), for Fulton Sav. Bank Kings County.

ABRUZZO, District Judge.

This motion was instituted by the petitioner-plaintiff, the government, to resettle an ex parte order of this Court, dated May 5, 1941, which directed payment to the Fulton Savings Bank Kings County, as mortgagee, the sum of $1,665.28, representing the principal sum due with interest at the rate of five (5%) per cent, computed up to and including the date of the entering of the said order; and to provide for payment to the said mortgagee of the sum of $1,642.67 in full payment and satisfaction of the mortgage, which includes interest on the principal sum up to and including January 24, 1941.

This proceeding, from which the present motion stems, is one in condemnation and title to damage parcel 14 (involved herein) vested in fee simple in the petitioner-plaintiff, the government, on January 24, 1941, the date of the filing of a declaration of taking and notice and petition in condemnation.

It appears that on April 26, 1941, Bridget Creighton and Agnes Roche Creighton Murphy, as guardian ad litem for Margaret Creighton, an infant over the age of fourteen years, and the said Margaret Creighton, entered into a written stipulation with the government wherein they waived any defenses which they may have had to the right of the government to acquire the said property for the public use; wherein they waived the right to have Commissioners of Appraisal appointed to determine the fair market value of the property; and wherein they stipulated and agreed with the government to accept as a just and fair compensation for this damage parcel $4,500. The stipulation further provided that an order be made and entered directing the Clerk of the United States District Court for this District to pay to the said owners the sum of $3,800 now on deposit in the Registry of the Court; and that a deficiency judgment be

entered against the government for $700; and that all claims, liens, encumbrances, taxes or other charges be first satisfied and discharged of record.

On January 24, 1941, there was deposited in the Registry of this Court the sum of $239,179 for the use of the persons entitled thereto as a result of this proceeding. This deposit included the value of the damage parcel in question.

A search of the title of damage parcel 14 disclosed that there was a first lien and mortgage upon the said premises in the principal sum of $2,500.

The matter was referred to the attorneys for the mortgagee on February 3, 1941, and on February 13, 1941, they filed on behalf of their client, the Fulton Savings Bank Kings County, a notice of appearance, affidavit of title and notice of proof of claim, making claim for the sum of $1,644.50, the balance of the principal due, with interest from February 1, 1941.

On May 5, 1941, an order was entered in the office of the Clerk of this Court, directing payment to the mortgagee of the sum of $1,665.28, representing the balance of the principal due with interest to May 2, 1941. The government claims that an error was made in computing this amount and has made this application as amicus curiae to limit the interest to January 24, 1941, the date of vesting of title in the government. The mortgagee has opposed the motion to resettle the order in question.

The sole issue to be determined by the Court is whether or not the mortgagee is entitled to interest after January 24, 1941, the date title vested in the government.

Since there is an infant owner involved and the claimant-owners are not represented by counsel, the government has brought this motion in the capacity of amicus curiae solely for the purpose of precipitating a determination of the question in view of the innumerable similar situations which will ultimately arise from this proceeding and from other condemnation proceedings in this Court.

A voluminous presentation of circumstances leading up to the stipulation entered into by the claimant-owners and the government has been prepared by counsel for the mortgagee in an attempt to fortify their claim for interest up to the date of payment. They also contend that the conformity statute, 40 U.S.C.A. § 258a, applies only to owners and that a mortgagee is to be treated separately after the government has settled with the actual owner.

Under the statute, 40 U.S.C.A. § 258a, it is provided that upon the filing of the declaration of taking and the deposit in court of the estimated just compensation for the use of persons entitled thereto, title vests in the petitioner. It would follow therefrom that any claimants entitled to part of the deposit should make their claims with alacrity since it is definitely stated that no interest shall be allowed on the deposit paid into the registry of the Court. The act further provides that the Court has power to make such orders in respect of encumbrances, liens, rents, taxes, assignments, insurance and other charges, if any, as shall be just and equitable, and the mortgagee herein comes within the purview of this provision.

The filing of a declaration of taking and notice and petition in condemnation on January 24, 1941, was notice to all owners and lienors that title vested in the government and that the deposit representing the estimated just compensation constituted payment to all of the persons entitled thereto. Aside from that, the attorneys for the mortgagee had actual notice of this proceeding and the record so indicates that they were aware of it as early as February 3, 1941; and it is noted in the record that these attorneys filed a notice of appearance, affidavit of title and notice of proof of claim for their client on February 13, 1941.

The mortgagee's contention that the act refers only to owners and not to mortgagees is untenable. The legal consequence upon a mortgagee is defined clearly in United States v. Certain Land in City of St. Louis, Missouri, D. C., 29 F.Supp. 92, 94: "It seems to be conceded, as well it might, that the fund on deposit in the Registry of the Court stands in the place of the real estate condemned and is subject to the claim of all lienholders for the payment of the amount of their lien which had attached to the real estate at the time of the appropriation of the property by the Government."

The mortgage operates as an equitable assignment of the award to the mortgagee to the extent that the property mortgaged has been rendered insufficient and a mortgagee's right to the award to the extent of the principal amount due becomes vested on the day of taking. Hendry v.

Title Guarantee & Trust Co., 165 Misc. 349, 300 N.Y.S. 741.

In German Savings Bank v. Dunn, 75 Misc. 251, 135 N.Y.S. 56, 57, affirmed 150 App.Div. 928, 135 N.Y.S. 1114, it was said:

"It will be seen that the controversy is limited to the question whether plaintiff, as mortgagee, is entitled to the interest at 6 per cent. from the time of the vesting of the title in the city, or whether defendant Dunn, as owner, shall receive the 6 per cent., while plaintiff's right is limited to 4½ per cent. I have examined the numerous cases cited in the briefs, but, as admitted by counsel, none is directly in point.

"Defendant's argument is based exclusively on the respective rights of mortgagor and mortgagee, and disregards the provisions of the charter and the decisions thereon, which plainly change those rights in circumstances like those presented in this case. Section 1439 provides that 'all leases and other contracts in regard to lands so taken shall cease and determine.' It seems to me that the result of cases like Matter of City of Rochester, 136 N.Y. 83, 32 N.E. 702, 19 L.R.A. 161, Utter v. Richmond, 112 N.Y. 610, 20 N.E. 554, and Hill v. Wine, 35 App.Div. 520, 54 N.Y.S. 892, is that the fund in the hands of the city, to the amount necessary, namely, $30,000 took the place of the land as security for the debt due plaintiff, and that the relations between the plaintiff and the defendant Dunn, the owner, as mortgagor and mortgagee, were terminated to the extent that, of course, no foreclosure could take place, as no lien or mortgage survived and as the land had already been reduced to money. The city's obligation became one to pay to the owner, or to the persons entitled to the whole or part of the fund by way of existing mortgage or other lien, the respective appropriate amounts, upon their determination upon a proper proceeding, and the present proceeding is a proper one in which the remaining equities between the owner and the mortgagee can and should be adjusted. * * * In this view, I hold that the plaintiff is entitled to 6 per cent. on $30,000 since the date of vesting of the title to the property in the city, less any amounts heretofore paid to it on account of such interest by the defendant Dunn."

In the case of In re Chrystie Street in City of New York, 239 App.Div. 314, 267 N.Y.S. 529, at page 532, the Court stated: "Section 969 of the Greater New York Charter (as added by Laws 1915, c. 606) defines an 'owner,' as 'a person having * * a lien, charge or encumbrance' on 'the real property to be acquired,' and in defining 'real property,' such is said to include 'every estate, interest, and right, legal or equitable, * * * and liens by way of * * * mortgage or otherwise.' The mortgagee, therefore, had the status of an owner to the extent of its mortgage lien."

The Fulton Savings Bank Kings County is not only a defendant in this proceeding but also has the status of any owner to the extent of its mortgage lien. As such it is subject to the provisions of the Act of Congress applicable herein, which are as follows:

"[Title 40, Section 258a.] In any proceeding in any court of the United States * * * which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of any land * * * for the public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described * * * declaring that said lands are thereby taken for the use of the United States. Said declaration of taking shall contain or have annexed thereto—* * * (5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken.

"Upon the filing of said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, * * * shall vest in the United States of America, * * and the right to just compensation for same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but *interest shall not be allowed on so much thereof as shall have been paid into the court* * * *.

"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency.

" * * * The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assignments, insurance, and other charges, if any, as shall be just and equitable." (Italics the Court's.)

█ Interpreting these provisions and following the principles of law enunciated in the cases cited in this decision, it is clear that the mortgagee is entitled to interest only up to January 24, 1941, the date of the filing of the Declaration of Taking.

Therefore, the motion to resettle the order of this Court, dated May 5, 1941, is granted to the extent indicated.

Settle order on notice.