In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, etc., for the Opening of a Public Park (East River Park), etc.

WOODWARD-BROWN REALTY COMPANY and AUGUSTUS D. JUILLIARD, Appellants, Respondents; THE CITY OF NEW YORK, Respondent, Appellant.

Second Department, October 4, 1918.

Municipal corporations — city of New York — acquisition of land for public park — intention of owner to dedicate land for park purposes by description in deed referring to map showing property as public park — review of determination by commissioners as to value of waterfront property — mortgages — extent of land — method of determining interest of mortgagee in property taken by condemnation.

An intention on the part of an owner to dedicate land for park purposes or subject it to a servitude for that purpose in favor of purchasers by deeds describing the land conveyed to them, by reference to a map showing the property as a public park, will not be inferred, where the park had been laid out by the board of estimate and apportionment and proceedings in condemnation were pending when the map was filed.

Where the question of fact as to whether land on a waterfront is so adapted to the uses of commerce as to give the value to the whole plot for manufacturing and commercial purposes greater than its value for residential uses has been exhaustively litigated, the decision of the commission should not be lightly disturbed.

A mortgage is a lien for its full amount on every portion of the land covered by it, and, therefore, is a lien for said amount on a portion of the mortgaged property taken in condemnation proceedings.

If the portion of land taken subject to a mortgage has a value in excess of the amount of the mortgage then the mortgagee's interest is measured by the face of his mortgage and interest, but if the value of the land is less than the face of the mortgage, then the mortgagee's interest is the value of the land less a proper apportionment of taxes and assessments.

SEPARATE APPEALS by the Woodward-Brown Realty Company and others from a final order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 14th day of February, 1917, confirming the report of commissioners in proceedings to condemn property for the purpose of a public park located on the southeasterly side of Hell Gate in Queens county, city of New York. The appeal of the Woodward-

Brown Realty Company also seeks to bring up for review an interlocutory order entered in said clerk's office on the 9th day of August, 1916, extending the time of the commissioners.

*Isaac R. Oeland* [*George E. Blackwell* with him on the brief], for the appellant Woodward-Brown Realty Company.

*Harold Swain* [*Archer P. Cram* with him on the brief], for the appellant Augustus D. Juilliard.

*Joel J. Squier* [*William P. Burr, Corporation Counsel,* with him on the brief], for the City of New York.

PER CURIAM:

We see no reason for disturbing the award on the question of values, and, except for the well-founded claim of appellant Juilliard that he is entitled to an award for his interest in the land running directly to him, the order might have been affirmed without modification.

The commissioners were right in deciding that the evidence did not disclose an intent on the part of the owner to dedicate the land for park purposes, nor to subject it to a servitude for that purpose in favor of purchasers by deeds describing the land conveyed to them by reference to a map showing the property as a public park. *Matter of City of New York* (*Johnson Avenue*) (135 App. Div. 630; affd., 198 N. Y. 505) is not in point, for the implication of an easement of access over a street, as located on a map on which the property conveyed is founded, is much aided by the element of necessity which is not present in the case of a public park. The fact that the park had been laid out by the board of estimate and apportionment and proceedings in condemnation were pending when the map was filed, prevents the application of the doctrine upon which the city relies.

Whether the water front was so adapted to the uses of commerce as to give a value to the whole plot owned by the appellant the Woodward-Brown Realty Company, for manufacturing and commercial purposes greater than its value for residential uses, was a question of fact. The claim of the appellant is not that the water front had some value for limited commercial use, but that it gave to the whole fifty-six acres a present special market value as the site for the location of

extensive manufacturing establishments. Although the existence and use of the dock of the New York Connecting Railroad Company demonstrated that docks may be built and used, yet it is by no means conclusive in establishing the claim of appellant that such a development as it proposes is possible. The question was exhaustively litigated, many competent and experienced witnesses were called, the solution of the question involved the consideration of physical facts which were open to the view of the commission, and its decision should not be lightly disturbed.

But the appellant Juilliard had a direct interest in the land taken, for which he is entitled to an award. He owned a mortgage for $141,000, which, although it was a lien not only on a portion of the land taken but also on other property, yet for its full amount it was a lien on every portion .of the land covered by it and, therefore, a lien for its full amount on the land taken. The award in the form in which it is made leaves the appellant's interest confused with that of other mortgagees who held mortgages on other portions of the property. If the portion of the land taken which is subject to the Juilliard mortgage has a value in excess of the amount of the mortgage, then his interest is measured by the face of his mortgage and interest. If the value of the land is less than the face of the mortgage, then his interest is the value of the land, less, of course, a proper apportionment of taxes and assessments.

The order should be modified by directing that the report be referred back to the same commissioners to ascertain the value of the appellant Juilliard's interest in the land, in the manner indicated in this opinion, and to award the amount directly to him, deducting it from the amount of the award to the Woodward-Brown Realty Company, and as so modified affirmed, with ten dollars costs and disbursements to appellant Juilliard against the city of New York.

JENKS, P. J., MILLS, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Order modified in accordance with opinion, and as so modified affirmed, with ten dollars costs and disbursements to appellant Juilliard against the city of New York.