In the Matter of the Application of the CITY OF NEW YORK, Appellant and Respondent, Relative to Acquiring Title to Lands Required for East River Park.

WOODWARD·BROWN REALTY COMPANY, Appellant; AUGUSTUS D. JUILLIARD, Respondent.

**Appeal — when order of modification by Appellate Division, in condemnation proceedings, not appealable to Court of Appeals.**

An order of the Appellate Division which modified an order of Special Term confirming the report of commissioners in condemnation proceedings by directing " that the report be referred back to the same commissioners to ascertain the value " of the interest of one of the parties and " to award the amount to him," is not a final order within the purview of the Constitution and of section 190 of the Code of Civil Procedure, and, therefore, this court is without jurisdiction to entertain an appeal therefrom.

*Matter of City of New York (East River Park)*, 184 App. Div. 509, appeal dismissed.

(Argued November 13, 1918; decided November 26, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 4, 1918, which modified and affirmed as modified

an order of Special Term confirming the report of commissioners of estimate and assessment in condemnation proceedings.

*George E. Blackwell* for appellant.

*William P. Burr, Corporation Counsel (Joel J. Squier* of counsel), for city of New York, appellant and respondent.

*Harold Swain* and *Archer P. Cram* for respondent.

*Per Curiam.* A proceeding was instituted by the city of New York to acquire title to certain lands belonging to the Woodward-Brown Realty Company for a public park. Commissioners were appointed to ascertain the value of the land taken and after numerous hearings, at which a large mass of evidence was taken, they made a report in which they awarded to the owners the sum of $724,675, besides interest. This award, however, was made subject to the payment of four mortgages, each held by different interests, aggregating $800,110, covering, with other lands, all or some part of the land taken. One of the mortgages, for $141,000, was held by the respondent Juilliard. Objection was made to the confirmation of the report by the city of New York, the Woodward-Brown Realty Company and the respondent Juilliard. All of the objections were overruled and the report confirmed. Each of the parties then appealed to the Appellate Division, where the report was modified " by directing that the report be referred back to the same commissioners to ascertain the value of the appellant Juilliard's interest in the land and to award the amount directed to him, deducting it from the amount of the award to the Woodward-Brown Realty Company, and as so modified unanimously affirmed." From the order as thus modified the city and the realty company appeal to this court.

The appeal must be dismissed on the ground that the court is without jurisdiction to entertain it. The order from which the appeal is taken is not a final order within the purview of the Constitution and section 190 of the Code of Civil Procedure. (*Van Arsdale* v. *King*, 155 N. Y.

325.) It is obvious that it is not a final order so far as the respondent and the realty company are concerned. A final order as to them cannot be made until the order of the Appellate Division has been complied with. Each of these parties — the realty company as owners and Juilliard as the owner of an interest — is interested in the amount of the award to be made to the latter, which cannot be ascertained until the same has been fixed and determined by the commissioners.

The city claims it has been aggrieved by the modification of the order and several pages of the brief presented by its counsel are devoted to establishing that fact. It is possible that this claim is well founded and that it has an interest — at least to the extent of seeing to it that the award is properly made — to the end that payments may be made to the proper persons. On this assumption, the order as to it is not final. The proceeding cannot be said to be finally terminated until an award has been made directing payment of the same to the persons legally entitled thereto.

The appeal, therefore, should be dismissed, with costs to the respondent.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Appeal dismissed.