WOODWARD-BROWN REALTY COMPANY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, December 1, 1922.

Municipal corporations — city of New York — condemnation proceedings — plaintiff awarded value of land taken and interest thereon to date of order confirming report of commissioners — Greater New York charter, § 981, prohibiting action at law for " awards, costs or expenses " does not bar action to recover interest on award — acceptance of award under protest does not bar right to recover interest — appeal from order confirming report prevented service of demand for payment on comptroller — amendment of order nunc pro tunc did not divest plaintiff of right to accrued interest on award — not necessary to serve demand on comptroller where original award was paid within twenty-five days after amending order was made.

An action at law to recover interest on an award for land taken by the city of New York, accruing subsequent to the order confirming the report of the commissioners, is not prohibited by section 981 of the Greater New York charter which provides that the one to whom an award shall be made in such proceedings and the person in whose favor costs or expenses may be taxed shall not have an action at law against the city of New York " for such awards, costs or expenses."

Said limitation on the right to bring an action at law is to be interpreted literally and not extended by construction, and inhibits the bringing of an action at law " for such awards, costs or expenses " and does not cover a claim arising subsequent to the award.

After the original award was made, which included the damages for taking the property and interest thereon to the date of the order confirming the report of the commissioners, which was made on February 10, 1917, an appeal was taken and, on March 14, 1919, the order of the Appellate Division was resettled *nunc pro tunc* directing that there be paid to the mortgagee the amount due upon his mortgage and deducting the amount so to be paid from the amount of the award made to the plaintiff. On July 3, 1919, and within six months after the entry of the order of the Appellate Division, the plaintiff filed with the comptroller

of the city of New York a demand for the payment of the amount of the award after deducting the mortgagee's claim, together with all lawful interest. On July twenty-eighth the city paid the plaintiff its share of the award with interest up to a date six months after the entry of the order confirming the report of commissioners and interest from July 3, 1919, the date of the demand, to the date of payment. This sum was accepted by the plaintiff "excepting and reserving all claim for a sum in addition thereto, if any, which claim is not conceded by the City of New York."

*Held*, that whether the claim for interest is to be construed as *quasi* contractual or as damages for the withholding of money legally due, the acceptance of a part payment of the amount claimed to be due did not bar plaintiff's right to recover any balance left unpaid under the facts in this case.

It was not necessary for the plaintiff to allege that a demand in writing was served upon the comptroller within six months after the order confirming the report of the commissioners was made, since the appeal from that order stayed the execution thereof.

The subsequent amendment by the Appellate Division of the order confirming the report of the commissioners *nunc pro tunc* could not divest the plaintiff of its right to interest that had accrued in the meantime.

It was not necessary for the plaintiff to serve a demand on the comptroller for payment, since the comptroller paid the award within twenty-five days after the granting of the amending order.

CLARKE, P. J., dissents.

APPEAL by the plaintiff, Woodward-Brown Realty Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of June, 1922, pursuant to an order, made at the New York Special Term and entered in said clerk's office on the 8th day of June, 1922, directing the dismissal of the complaint on the ground of lack of jurisdiction, with notice of intention to bring up for review the said order of the Special Term.

*Paris S. Russell*, for the appellant.

*John P. O'Brien, Corporation Counsel* [*Joel J. Squier* of counsel; *William B. R. Faber* with him on the brief], for the respondent.

PAGE, J.:

The action is to recover $91,432.14 interest on an award in condemnation proceedings. The facts briefly stated are as follows: The city instituted proceedings to acquire plaintiff's land and land under water for a public park known as "East River Park," in the borough of Queens. Commissioners of estimate in the proceedings awarded to the plaintiff, by their report of September, 1916, the sum of $724,675 and interest amounting to $127,180.46, subject to a mortgage held by A. D. Julliard of $141,000. The mortgage covered a portion of these premises and other premises and no separate award was made to the mortgagee. The report of the commissioners was confirmed February 10, 1917. Appeals

were taken by both parties to this proceeding and Julliard to the Appellate Division, Second Department, which, on October 4, 1918 (*Matter of City of New York [East River Park]*, 184 App. Div. 509), modified the order by directing that the report be referred back to the same commission to ascertain the value of Julliard's interest in the land and to award the amount directly to him, deducting it from the amount of the award to the plaintiff. The parties to this proceeding each appealed to the Court of Appeals. On November 26, 1918, the appeal was dismissed on the ground that the order from which the appeal was taken was not a final order. (*Matter of City of New York [East River Park]*, 224 N. Y. 697.)

On March 14, 1919, the order of the Appellate Division was resettled *nunc pro tunc* directing that there be paid to Julliard the amount due upon his mortgage, and with like effect as if said amount had been directly awarded to him, deducting the amount so paid from the amount of the award made to plaintiff, and as modified affirmed. On July 3, 1919, and within six months after the entry of the order of the Appellate Division, the plaintiff filed with the comptroller of the city of New York a demand for payment of the amount of the award after deducting the Julliard mortgage, together with all lawful interest. On July 28, 1919, the city paid to plaintiff the sum of $736,991.46. The plaintiff gave a receipt for said sum " in payment of above account to August 14, 1917, excepting and reserving all claim for a sum in addition thereto, if any, which claim is not conceded by the City of New York."

This payment by the city represented the principal of the award, after the deduction of the Julliard award, with interest up to a date six months after the entry of the order of the Special Term, plus interest from July 3, 1919, the date of the demand, to the date of payment.

In other words, the city treated the order of the Special Term as the final order and allowed interest on the corrected award for six months after the date of that order, for the reason that the plaintiff had failed within that time to serve a notice of demand upon the comptroller of the city of New York, and allowed interest from the date of the order of the Appellate Division to the date of payment.

The time of the vesting of title to the property taken for the purpose of this park is not disclosed by the record. Section 976 of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1915, chap. 606, as amd. by Laws of 1917, chap. 631) provides that in such a case the title shall vest in the city at a time to be fixed by the board of estimate and apportionment, which may be upon the date of the entry of the order granting

the application to condemn, or upon the date of filing of the oaths of the commissioners of estimate, or upon a specified date after either of such dates, and in all other cases upon the date of the filing of the final decree of the court or upon the entry of the order confirming the report of the commissioners. Interest was allowed as a part of the award made by the commissioners, which is not questioned. Therefore, it may be assumed that the date of vesting title was not fixed by the board of estimate and apportionment either at the date of the filing of the final decree or of the order confirming the report. The charter section further provides: " In such cases interest at the legal rate upon the sum or sums to which the owners are justly entitled upon the date of the vesting of title in the city of New York, as aforesaid, from said date to the date of the final decree of the court or to the date of the report of the commissioners of estimate, as the case may be, shall be awarded by the court . or by the commissioners, as the case may be, as part of the compensation to which such owners are entitled." Similar provisions were also in former section 990 of the Greater New York charter (as amd. by Laws of 1913, chap. 142). As far as material to the consideration of this case, section 981 of the Greater New York charter (as added by Laws of 1915, chap. 606) provides: " All damages awarded by the court with interest thereon from the date of the filing of the final decree, or awarded by the commissioners of estimate with interest thereon from the date of such commissioners' report, as the case may be, and all costs and expenses which may be taxed, shall be paid by the city of New York to the respective owners mentioned or referred to in said final decree, or in the report of the commissioners of estimate, as the case may be, or to the persons and parties in whose favor such costs or expenses shall be taxed. Interest shall cease to run on the sums awarded as damages six months after the date of the filing of the final decree or after the date of the entry of the order confirming the report of the commissioners of estimate, as the case may be, unless within that time demand therefor, in writing, be served upon the comptroller. * * * The owners to whom an award shall be made in such proceedings, and the person in whose favor costs and expenses may be taxed, shall not have an action at law against the city of New York for such awards, costs or expenses, but the court in which said proceedings have been had, upon the application of any such owner or person, in case of the failure of the comptroller of said city to pay the same within thirty days after demand therefor, shall by order require and direct the comptroller to pay the said awards, costs and expenses * * * and enforce said order in the same

manner as other orders of said court are enforced." Similar provisions were also in former section 1001 of the Greater New York charter (as amd. by Laws of 1906, chap. 658). By section 3 of chapter 606 of the Laws of 1915 it seems that these former sections may be considered as in force for the purpose of this action.

The corporation counsel contends that the remedy provided by section 981 of the charter is exclusive, and that the maintenance of this action is thereby expressly prohibited.

The theory of the law is that where land is taken from a private owner by right of eminent domain for a public use, payment of the value thereof should be coincident with the taking, and if for any reason payment is postponed the right to interest from the date of the taking of the property until the date of payment, follows as a matter of strict constitutional right. (*People ex rel. Central Trust Co.* v. *Stillings*, 136 App. Div. 438, 441.) In recognition of this right the Greater New York charter (§ 976, *supra*) provides that interest from the date of the vesting of the title to the final decree shall be awarded to the owners " as part of the compensation to which such owners are entitled."

The award in this case carried interest up to the date of the Special Term order and the amount of the award has been paid. The plaintiff's claim, therefore, is not for the award or any portion thereof, but for interest on the amount awarded from the date of the entry of that order to the date of payment less the amount of such interest which has been paid. The action is not to recover interest on the amount specified to be the value of the property taken, but to recover interest on the amount awarded which included interest to the date of the order. In my opinion the limitation on the right to bring an action at law is to be interpreted literally and not extended by construction, and inhibits the bringing of an action at law " for such awards, costs or expenses," and does not cover a claim arising subsequent to the award. If for any reason the comptroller should fail to pay the award within thirty days a summary remedy is provided, in which there could be no litigable question presented, for an order directing the payment of the award, obedience of which would be enforced by contempt proceedings. In my opinion the refusal of the comptroller to pay the interest in full accruing after the award, gave a right of action in the plaintiff to sue therefor, and such an action is not inhibited by section 981 of the Greater New York charter.

The motion to dismiss the complaint was also made on the ground that it failed to state facts sufficient to state a cause of action, in this, that it appeared upon the face thereof (1) that the plaintiff had accepted payment of the award, which is a bar to

the right of recovery, although it is alleged that the acceptance was under protest. (2) That the order of confirmation was made February 14, 1917, and there is no allegation that a demand in writing was served upon the comptroller within six months thereafter. We will consider these alleged defects in the order in which they are stated:

(1) There is no merit in this contention whether the claim for interest is to be considered as quasi-contractual by virtue of the provisions of the Greater New York charter (§ 976, *supra*) or as damages for the withholding of money legally due. The result in this case would be the same. If the interest was secured by statute or contract, " the mere acceptance of part, either of principal or interest, does not bar a subsequent claim for the whole, whether with or without protest, for the payment of part is not generally a satisfaction of the whole, unless there is an agreement of some kind that the payment made should be a satisfaction of the whole." (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 461.) If the interest is to be considered as damages for the wrongful withholding of money due, the acceptance of payment of the principal without interest or with less than the full amount of interest added, in the absence of protest or reservation of the claim for interest, bars the right to recover interest, but where as in the instant case the claim to the additional sum is reserved in the receipt, the acceptance of payment is not a bar to a subsequent claim to the interest. (*Shepard* v. *City of N. Y.*, 216 N. Y. 251, 257.) In one case there must be an agreement to waive interest, and in the other there must be some circumstance showing that it was the intention not to waive interest.

(2) The appeals by the city from the order of February 14, 1917, of the Special Term and from the order of the Appellate Division stayed the execution of the order, hence the plaintiff could not serve a demand in writing on the comptroller within six months after February 14, 1917. Interest, however, was accruing on the award, the subsequent amendment by the Appellate Division of the order *nunc pro tunc* could not divest the plaintiff of its right to the interest that had meantime accrued, which was secured to it not alone by statute but by the Constitution of the State of New York (Art. 1, § 6).

Within twenty-five days of the granting of the amending order the comptroller paid the award; hence it was not necessary for the plaintiff to serve a demand. It alleged compliance with section 261 of the Greater New York charter (as amd. by Laws of 1912, chap. 452) by presenting to the comptroller for adjustment its claim for the remaining amount of interest more than thirty days before

the action was commenced, which was the only demand or claim that it was required to make.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs, and the defendant given leave to serve an answer within twenty days after service of the order to be entered hereon, with notice of entry and upon payment, of the above costs.

DOWLING, GREENBAUM and FINCH, JJ., concur; CLARKE, P. J., dissents.

CLARKE, P. J. (dissenting):

I dissent upon the ground that the remedy afforded under section 981 of the charter is exclusive.

Judgment and order reversed, with costs to the appellant, and motion for judgment dismissing complaint denied, with ten dollars costs, with leave to defendant to answer upon payment of said costs.