WOODWARD-BROWN REALTY COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

**New York city — condemnation proceedings — way of payment prescribed by statute must be strictly pursued — interest on award — provision of charter that court may summarily order comptroller to pay " awards, costs, or expenses " precludes right of action at law to recover disputed interest on award — complaint in action therefor properly dismissed.**

1. When condemnation proceedings are instituted by a municipality, if a way of payment of the award is prescribed by statute it must be strictly pursued.

2. Section 981 of the charter of the city of New York, as amended (L. 1915, ch. 606), providing that an owner to whom an award shall be made in condemnation proceedings " shall not have an action at law against the city of New York for such awards, costs or expenses,"

but the court may summarily order the comptroller to pay the same and enforce such order, takes away the right of an action at law for the interest on the award since the words "awards, costs and expenses," in their natural sense in this connection, include the interest on the award.

3. The complaint, therefore, was properly dismissed in an action against the city of New York to recover unpaid interest on an amount awarded in condemnation proceedings accruing after the entry of the order of confirmation, liability for which was disputed by the city. Interest runs on the amount of the award and is paid as a matter of course with the award, when no dispute arises as to the amount of interest due, and the theory is untenable that a splitting of remedies is permissible when a dispute arises as to the amount due.

*Woodward-Brown Realty Co.* v. *City of New York*, 203 App. Div. 625, reversed.

(Argued February 27, 1923; decided March 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 1, 1922, which reversed an order of Special Term granting a motion for dismissal of the complaint and denied said motion.

The following questions were certified:

1. Has the court jurisdiction of the subject of this action?

2. Does the complaint herein state facts sufficient to constitute a cause of action?

*George P. Nicholson*, Corporation Counsel (*L. Howell La Motte*, *Joel J. Squier* and *William B. R. Faber* of counsel), for appellant. The Appellate Division erred in holding that the complaint states facts sufficient to constitute a cause of action. (*Matter of City of New York*, 159 App. Div. 433; *Matter of City of New York*, 91 App. Div. 532; *Matter of Belmont St.*, 128 App. Div. 636; *Matter of Trustees, etc.*, 137 N. Y. 95; *Matter of Mayor, etc.*, 199 N. Y. 559; *Matter of Edelmuth* v. *Prendergast*, 142 App. Div. 785; *Matter of City of New York*, 187 App. Div. 355; *Talcott* v. *City of Buffalo*, 125 N. Y. 280.)

*Paris S. Russell* for respondent. The complaint states a cause of action. (*Matter of Water Comrs. of White Plains,* 195 N. Y. 503; *Matter of East River Land Co.,* 206 N. Y. 545; 1 Nichols on Eminent Domain, 649; *People ex rel. Central Trust Co.* v. *Stillman,* 136 App. Div. 438; 198 N. Y. 504; *Matter of Mount Vernon Avenue,* 199 N. Y. 559; *Matter of City of New York,* 159 App. Div. 433; *Matter of City of New York,* 91 App. Div. 532.)

POUND, J. The action is brought to recover $91,432.14 interest on the amount awarded in condemnation proceedings accruing after the entry of the order of confirmation. The principal of the award and a portion of the interest have been paid. A dispute arises as to the liability of the city for the interest herein sued for.

The facts are stated in the opinion of the court below. (*Woodward-Brown Realty Co.* v. *City of New York,* 203 App. Div. 625.) The city contends that the action will not lie because section 981 of the Greater New York charter provides that the owner to whom an award shall be made in such proceedings " shall not have an action at law against the City of New York for such *awards, costs or expenses,*" but the court may summarily order the comptroller to pay the same and enforce such order.

The theory of the plaintiff is that this section should be construed literally; that the refusal of the comptroller to pay interest in full presented in this case a litigable question; that the summary proceeding does not apply because this is a controversy, not over the award, but over the interest due the plaintiff on the award; that the award and the interest admittedly due have been paid, and that the refusal of the comptroller to pay in full the interest demanded by plaintiff accruing after the award takes the case out of the prohibition of the charter.

When condemnation proceedings are instituted by a municipality, if a way of payment of the award is prescribed by statute it must be strictly pursued. (*Matter of*

*Department of Parks,* 73 N. Y. 560, 564; *Weston* v. *City of Syracuse,* 158 N. Y. 274, 283; *Patterson* v. *City of Binghamton,* 154 N. Y. 391.) The statute (§ 981), therefore, takes away the right of an action at law for the interest on the award if the interest is in legal contemplation a part of the award. It has been said in a wholly different connection (*Grote* v. *City of New York,* 117 App. Div. 768) that such interest is not a part of the award, but is allowed simply in the nature of damages for default in payment of the award when it becomes due and payable; but the contention of the city in the case cited was that such interest could be recovered only with the principal sum awarded and not as a distinct claim and that the acceptance of the award barred an action for the interest, and the city failed to sustain its contention on appeal in this court (190 N. Y. 235) because a special agreement had been made with the claimant reserving the right to recover interest.

If we took some words from the opinions in the *Grote* case apart from the context as a negation, applicable, everywhere and at all times, that interest is part of the award, the decision below might be upheld, but if we read the provisions of section 981 of the charter as a whole, it is plain that no such dogmatic assertion is applicable here to exclude the summary charter remedy. What was there set down was not " recorded for a precedent " in this case. Section 981 provides: " Interest shall cease to run on the sums awarded as damages six months after the date of the filing of the final decree or after the date of the entry of the order confirming the report of the commissioners of estimate, as the case may be, unless within that time demand therefor, in writing, be served upon the comptroller." Interest runs on the amount of the award and is paid as a matter of course with the award, when no dispute arises as to the amount of interest due. The theory is untenable that a splitting of remedies is permissible when a dispute arises as to the amount of interest

due. The words " awards, costs and expenses " in their natural sense in this connection, include the interest on the award. One complete remedy will be presumed if possible.

The Special Term, therefore, properly dismissed the complaint. The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in this court and the Appellate Division. First question certified not answered. Second question certified answered in negative.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.