In the Matter of the Application of THE CITY OF NEW YORK,
Relative to Acquiring Title Wherever the Same Has Not Been
Heretofore Acquired for the Same Purpose in Fee, to the Lands,
Tenements and Hereditaments Required for the Public Park
(East River Park) Bounded by Barclay Street, Hoyt Avenue,
the Bulkhead Line of the East River and Ditmars Avenue,
in the First Ward, Borough of Queens, City of New York, Except
so Much of Said Lands and Premises as Forms the Right of Way
of the New York Connecting Railroad Company.

Supreme Court, Queens Special Term, December, 1923.

Eminent domain — city of New York — award — demand for award not
made within six months after entry of order confirming it — filing of
demand pursuant to Greater New York charter, § 981, condition
precedent to recovery of interest — when order of Appellate Division
in action previously brought for the same relief not binding upon
present motion — motion denied.

The city of New York in a proceeding duly instituted to acquire the fee of certain
lands for park purposes became vested with the title thereto on October 9, 1913.
By the report of the commissioners of estimate an award with interest from
the time of such vesting was made to a realty company subject to certain
mortgages upon its property. An order of the Special Term dated February
10, 1917, confirming said report was entered in the office of the clerk of the
proper county on February 14, 1917. Appeals were taken and a demand for
payment of the award was not filed with the comptroller by the realty company
until July 3, 1919. On the 28th of July, 1919, the comptroller paid the award
with interest thereon from the vesting of the title up to and including the
14th day of August, 1917, which was the date six months after the date
of the entry of the order confirming the award and refused to pay interest on
the award from August 14, 1917. *Held*, that the filing of a demand as required
by section 981 of the Greater New York charter, which provides that interest
shall cease to run on the sums awarded as damages six months after the date
of the entry of the order confirming the report of the commissioners of estimate,
unless within that time a demand therefor in writing be served upon the
comptroller, was a condition precedent to a recovery for interest.

A motion for an order directing the comptroller of the city to pay to the realty
company interest on the award made to it, from August 14, 1917, to July 28,
1919, amounting to a certain sum together with interest thereon from July
28, 1919, to the date of payment, will, therefore, be denied.

The complaint in an action previously brought by the realty company against the
city of New York claiming the same relief asked for upon the present motion
was dismissed by an order of the Special Term and judgment was entered
accordingly. The Appellate Division reversed said order and judgment and
upon granting leave to the defendant to appeal to the Court of Appeals certified
for review the following: (1) " Has the court jurisdiction of the subject of this
action? " (2) " Does the complaint state facts to constitute a cause of
action? " The Court of Appeals upon reversing the order of the Appellate
Division and affirming the judgment of the Special Term did not answer the
first question and answered the second in the negative. The realty company

contends that the legal question involved has been determined by the Appellate Division and that the motion should be granted as a matter of course; that the reversal of the order of the Appellate Division was on the sole ground that the remedy by motion was exclusive. *Held*, that the order of the Appellate Division having been reversed was not binding upon the present motion and besides the contention of the realty company was in direct conflict with the decision in *Matter of Edelmuth* v. *Prendergast*, 202 N. Y. 602.

MOTION for order directing payment of interest on award made in condemnation proceedings.

*George P. Nicholson,* corporation counsel, for City of New York.

*Breed, Abbott & Morgan,* for Woodward-Brown Realty Company.

HAGARTY, J. This is a motion made by the Woodward-Brown Realty Company, under section 981 of the New York charter (Laws of 1915, chap. 606), for an order directing the comptroller of the city of New York to pay to it interest on an award made to it by the commissioners of estimate in their report dated September 12, 1916, from August 14, 1917, to July 28, 1919, amounting to $99,894.25, together with interest on that sum from the 28th day of July, 1919, to the date of payment. This proceeding was instituted pursuant to a resolution adopted by the board of estimate and apportionment of the city of New York on July 31, 1913, and as amended by a resolution adopted by the said board on August 28, 1913. By an order of the Supreme Court dated September 20, 1913, three commissioners of estimate were duly appointed. Pursuant to a resolution of the board of estimate and apportionment, adopted on the 31st day of July, 1913, the title to the property within the lines of the proceeding became vested in the city of New York on October 9, 1913. In the report of the commissioners of estimate, dated September 12, 1916, awards were made to the Woodward-Brown Realty Company aggregating the sum of $724,675 principal, and the interest from the time of the vesting of title in the city of New York aggregating the sum of $127,180.46, making a sum total of $851,855.46. The report of the commissioners was confirmed by an order of this court dated February 10, 1917, and entered in the office of the clerk of the county of Queens on the 14th day of February, 1917. The Woodward-Brown Realty Company, the city of New York, and Augustus D. Julliard, who held one of the mortgages subject to which the award was made, appealed from said order to the Appellate Division of the Supreme Court, second department. By an order of the Appellate Division dated October 4, 1918, and entered on the 26th day of October, 1918, the order of the Special Term was modified by directing that the report be referred back to the same commissioners to ascertain the value of Julliard's interest in the

land and to award the amount directly to him, deducting it from the amount of the award to the Woodward-Brown Realty Company, and, as so modified, the order was unanimously affirmed. From the said order of the Appellate Division the Woodward-Brown Realty Company and the city of New York each appealed to the Court of Appeals, and that court dismissed both appeals on the ground that the order of the Appellate Division, not being a final order, was not appealable to the Court of Appeals. Thereafter, and on the 26th day of February, 1919, all the parties, including Julliard, entered into a stipulation whereby it was agreed that the said order of the Appellate Division be resettled and amended so as to make it a final order in the proceeding, and by an order of the Appellate Division dated March 14, 1919, the said order of the Appellate Division dated October 4, 1918, was resettled *nunc pro tunc.* Upon appeal from the order of the Appellate Division dated and entered March 14, 1919, by the Woodward-Brown Realty Company and the city of New York, the Court of Appeals affirmed the said order of the Appellate Division dated and entered on the 14th day of March, 1919 (226 N. Y. 640). The remittitur of the Court of Appeals dated April 30, 1919, was duly filed in the office of the clerk of the county of Queens on May 15, 1919, and by an order of the Special Term of the Supreme Court, on remittitur of the Court of Appeals, entered in the office of the clerk of the county of Queens on May 15, 1919, the order of the Court of Appeals was made the order and judgment of the Supreme Court of the state of New York.

On July 3, 1919, the Woodward-Brown Realty Company filed a claim with the comptroller of the city of New York for the payment of the award made by the commissioners of estimate. The total amount of the award, including interest from the date of the vesting of the title to the date of the report of the commissioners, was $851,855.46. The interest on this amount from the date of the report, September 12, 1916, to a date six months after the entry of the order at Special Term confirming the said report, to wit, August 14, 1917, amounts to $47,126, making the total amount then due the Woodward-Brown Realty Company and the mortgagees the sum of $898,991.46. The comptroller of the city of New York paid the Julliard mortgage amounting to $162,000, and the balance, amounting to $739,991.46, was paid to the Woodward-Brown Realty Company. The comptroller declined to pay interest on the awards between August 14, 1917, which was the date six months after the date of the entry of the order confirming the award, and July 28, 1919, for the reason that the Woodward-Brown Realty Company had not filed a demand for payment of said award until the 3d day

of July, 1919. It is for the interest on the awards aggregating $851,855.46 made in the report of the commissioners dated September 12, 1916, from August 14, 1917, up to July 28, 1919, with interest from the said 28th day of July, 1918, to the day of payment, that the Woodward-Brown Realty Company applies to this court for an order directing payment. In view of the order about to be made in this proceeding this court is not concerned with the fact that the Woodward-Brown Realty Company claims interest on the part of the award owned by the Julliard estate.

The Woodward-Brown Realty Company commenced an action in the Supreme Court, New York county, against the city of New York, claiming the same relief that it now asks in this proceeding. By an order of the Special Term, dated June 8, 1922, in said action, upon motion of the city of New York, judgment was entered dismissing the complaint. Upon appeal to the Appellate Division, first department, the order and the judgment appealed from were reversed (203 App. Div. 625). By order of the Appellate Division dated December 22, 1922, permission was granted to the defendant, the city of New York, to appeal to the Court of Appeals from the said order of the Appellate Division, and the following questions of law were certified to the Court of Appeals for review by that court: (1) "Has the court jurisdiction of the subject of this action?" (2) "Does the complaint state facts sufficient to constitute a cause of action?" The Court of Appeals reversed the order of the Appellate Division appealed from and the said judgment of Special Term was affirmed. The first question so certified was not answered and the second question was answered in the negative (*Woodward-Brown Realty Co.* v. *City of New York,* 235 N. Y. 278). The petitioner contends that the legal question involved has been determined by the Appellate Division (*Woodward-Brown Realty Co.* v. *City of New York,* 203 App. Div. 625), and that this motion should be granted as a matter of course; that the Court of Appeals reversed the Appellate Division, but solely on the ground that the remedy by motion was exclusive and without disturbing its determination that the claimant was entitled to a recovery. With this contention I do not agree. Section 981 of the Greater New York charter, as amended, provides: " Interest shall cease to run on the sums awarded as damages six months after the date of the filing of the final decree or after the date of the entry of the order confirming the report of the commissioners of estimate, as the case may be, unless within the time a demand therefor, in writing, be served upon the comptroller." The report of the commissioners making the petitioner's award was confirmed on the 14th day of February, 1917, and

six months after that date was August 14, 1917.  The demand for payment of its award was not filed with the comptroller by the petitioner until the 3d day of July, 1919.  Interest on its award, therefore, ceased to run on the 14th day of August, 1917.  On July 28, 1919, the comptroller paid the award together with interest from the vesting of title up to and including the 14th day of August, 1917.  The filing of a demand as required by the provisions of the charter quoted is a condition precedent to the recovery of interest.  It is urged by the petitioner that the appeals by the city from the order of the Special Term entered on the 14th day of February, 1917, and from the order of the Appellate Division stayed the execution of the order, and hence the petitioner could not serve a demand in writing upon the comptroller six months after February 14, 1917; that interest was accruing on the award and that the subsequent amendment by the Appellate Division of the order *nunc pro tunc* could not divest the plaintiff of its right to the interest that had meantime accrued, which was secured to it not alone by the statute, but by the Constitution of the state of New York, article 1, section 6.  The order made by the Appellate Division was reversed and is, therefore, not binding upon this court, and the contention of the petitioner is in direct conflict with the decision of the Court of Appeals in *Matter of Edelmuth* v. *Prendergast*, 202 N. Y. 602.  When the *Edelmuth* case was in the Appellate Division (142 App. Div. 785) it was held that, while the pendency of the appeals would have been a complete bar to any attempt to enforce the payment of the awards, the service of a demand would have constituted no part of an intent to enforce payment; that it would have merely laid the necessary foundation for a proceeding to be begun when the bar of the appeal had been removed and it would also have served to put the city in default and start the running of interest upon the award. Although the Court of Appeals reversed and modified the order of the Appellate Division in the *Edelmuth Case, supra,* the court, in its opinion, said:  " The award to the relator did not bear interest until after a demand made on the comptroller for its payment. The appeal from the order of confirmation did not stay relator's right to make such demand, but the demand made on July 10th, 1910, was, in our opinion, sufficient.  Therefore, the relator is entitled to interest on the award from thirty days after that date until the award be paid."

The petitioner further claims that the resettled order of the Appellate Division, entered on the 14th day of March, 1919, for the first time fixed the amount due the petitioner and, therefore,

8

was the first order constituting an order confirming the report, within the meaning of section 981 of the charter, and that it was not the Special Term order of February 14, 1917. The view of the Appellate Division, hereinbefore referred to, that the report was not confirmed until March 14, 1919, and that the interest claimed was compensation and not penalty interest, is not consistent with the reasoning of the Court of Appeals in its opinion reversing the order of the Appellate Division. The view there taken, after quoting section 981, is that " interest runs on the amount of the award and is paid as a matter of course with the award when no dispute arises as to the amount of interest due. The theory is untenable that the splitting of remedies is permissible when a dispute arises as to the amount of interest due. The words, ' charges, costs and expenses,' in their natural sense in this connection include the interest on the award."

The charter nowhere authorizes the Appellate Division to confirm a report of the commissioners in a street or park opening proceeding. The only authority the Appellate Division has with regard to reports is that which is conferred on it by section 995, that is, a right to review on appeal and not to confirm, whereas section 981 provides that " interest shall cease to run on the sums awarded as damages six months after the date * * * of the entry of the order confirming the report of the commissioners of estimate * * * unless within that time a demand therefor, in writing, be served upon the comptroller." In my opinion, a period of six months, as contemplated by the charter, began on the 14th day of February, 1917, and not on the 14th day of March, 1919, as claimed by the petitioner.

The motion, therefore, must be denied. Settle order on notice.

Ordered accordingly. _____