In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title, etc., for the Public Park, etc., Borough of Queens, etc. (East River Park). WOODWARD-BROWN REALTY COMPANY, Appellant.

Second Department, June 6, 1924.

Municipal corporations — proceedings to acquire land for public park in New York city — order of confirmation was modified by Appellate Division by directing that report be referred back to determine value of mortgagee's interests and to award amount directed to him — order of Appellate Division was resettled by directing payment to mortgagee of amount specified in report of commissioners — claimant is entitled, without demand, to interest for six months after resettled order was made.

The claimant in proceedings to acquire land for a public park in New York city is entitled to interest, without demand, for six months after the Appellate Division resettled its order which provided that the order of confirmation should be modified by directing that the report be referred back to ascertain the value of the interests of the mortgagee and to award the amount directly to him, by directing that there be paid to the mortgagee the amount due upon the mortgage specified in the report of the commissioners in the same manner and with like effect as if the same amount had been awarded to the mortgagee.

The Appellate Division by its first order modifying the order of confirmation left the amount due to the claimant undetermined and the award which the commissioners would have made if the order had not been resettled would have borne interest for six months after its confirmation, but the resettled order of the Appellate Division which fixed the amount that was to be paid to the mortgagee and thereby removed the necessity for referring the matter to the

commissioners, took the place of the award by the commissioners and the confirmation by the Special Term, and, therefore, interest should be allowed, without demand, for six months after the resettling order of the Appellate Division was made.

KAPPER and MANNING, JJ., dissent, with opinion.

APPEAL by Woodward-Brown Realty Company from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 10th day of January, 1924, denying its motion for an order directing the comptroller of the city of New York to pay an unpaid balance of an award.

*Paris S. Russell* [*George J. Gillespie* with him on the brief], for the appellant.

*L. Howell La Motte* [*George P. Nicholson, Corporation Counsel, Joel J. Squier* and *William B. R. Faber* with him on the brief], for the respondent.

PER CURIAM:

This proceeding was instituted to acquire title to lands for a public park. The title to the property vested in the city of New York by the filing of the oaths of the commissioners on October 9, 1913. On September 12, 1916, the commissioners of estimate filed their report, awarding the claimant $724,675, principal, and $127,180.46, interest, making a total of $851,855.46. The report recites that the award was subject to a mortgage for $141,000, held by Augustus D. Juilliard, certain other mortgages, a lease and certain assignments. The report was confirmed as to certain parcels January 11, 1917, and as to others February 13, 1917. An appeal was thereupon taken and on October 4, 1918, this Appellate Division ordered that the order of confirmation be " modified by directing that the report be referred back to the same commissioners to ascertain the value of the appellant Juilliard's interest in the land and to award the amount directly to him, deducting it from the amount of the award to the Woodward-Brown Realty Company, and as so modified unanimously affirmed." (*Matter of City of New York* [*East River Park*], 184 App. Div. 509.) An appeal was then taken to the Court of Appeals, which was thereafter dismissed upon the ground that the appeal was not from a final order. (224 N. Y. 697.) Thereafter, all the parties consenting thereto, an order was made on the 14th of March, 1919, by this Appellate Division, resettling the order entered herein on October 4, 1918, so as to direct " that there be paid to the appellant Juilliard the amount due upon the mortgage of said appellant specified in the report of the commissioners of estimate herein in

the same manner and with like effect as if the same amount had been directly awarded to the said appellant."

On July 3, 1919, the claimant served a demand for payment on the comptroller. On July 28, 1919, the comptroller paid the claimant the amount of the award to it with interest thereon to August 14, 1917, six months after the original confirmation.

The question presented here is: Was the claimant entitled to interest to the date of the payment to it or did the running of such interest terminate six months after the date of the entry of the order of the Special Term confirming the report of the commissioners of estimate. If the proceeding had taken the ordinary course after the entry of the original order by this court, the commissioners would have made a new award. It would have been necessary then to have that award confirmed by the Special Term. The award then would have borne interest without any demand for six months thereafter. It is our opinion that when the decision of this court was made it left the amount due the claimant undetermined and in the new award to be made by the commissioners they would have been required in their report to add interest to the date of their report. This report then would have been confirmed by the Special Term and the award would have borne interest for six months thereafter, during which time the claimant might have served a demand and continued the running of interest until the amount of the award, with interest, had been paid. Instead of following this procedure, the parties consented that the order of the Appellate Division be so amended as not to require that the proceeding be sent back to the commissioners, but made its order a final order which fixed the amount which was to be carved out of the award to claimant and paid to Juilliard. Then for the first time the amount awarded to this claimant could be ascertained. This order, in our opinion, took the place of the award by commissioners and the confirmation thereof by the Special Term. This amount so fixed would bear interest for six months thereafter and during that time the claimant could make its demand and continue the running of interest until payment was made to it.

The order denying claimant's motion for interest on an award should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH and JAYCOX, JJ., concur; KAPPER, J., reads for modification, with whom MANNING, J., concurs.

KAPPER, J. (dissenting):

I dissent and vote to modify the order so as to award interest from July 3, 1919, the date of the demand, to July 28, 1919, the

date of payment. (*Matter of Mayor* [*Mount Vernon Avenue*], 199 N. Y. 559.) The city on this appeal did not dispute the claim of the appellant that it was entitled in any event to interest between said dates. On the authority of *Matter of Edelmuth* v. *Prendergast* (202 N. Y. 602; 142 App. Div. 785) and *Matter of City of New York* [*White Plains Road*] (187 id. 355), the failure to demand interest, notwithstanding the pendency of the appeal from the final order of confirmation, deprived the appellant of interest for a period commencing six months after such confirmation until a demand was made. The appeal from the final order of confirmation in no wise benefited this appellant. On the contrary, the award to it was reduced by the direction of the payment of the Juilliard mortgage. Had the demand been made during the pendency of the appeal, I know of no reason why the city could not have met it by payment of the amount actually coming to the appellant, or a substantial portion thereof, in either of which cases the running of interest would have ceased accordingly. The city in making such payment could have reserved the right to restitution if the same proved to be an overpayment within the authorities of *Matter of City of New York* [*Court House*] (216 N. Y. 489) and *Matter of Water Commissioners of White Plains* (195 id. 502). The appellant did not succeed on its appeal from the final order of confirmation, and so far as it was concerned that order remained wholly unaffected by our subsequent modification. But for the necessity of modifying the order appealed from, to which I referred at the outset, I should have voted to affirm upon the opinion of Mr. Justice HAGARTY at Special Term. (122 Misc. Rep. 109.)

MANNING, J., concurs.

Order denying claimant's motion for interest on an award reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.