In the Matter of BEACH SECOND STREET, FAR ROCKAWAY, QUEENS COUNTY, CITY OF NEW YORK.

In the Matter of OSTEND BATHS, INC.

Supreme Court, Kings County, October 8, 1931.

*Cady, Schapiro & Schapiro* [*Harold Wisan* and *Arnold A. Jaffe* of counsel], for Trust Company of North America.

*Goldman & Novick* [*Charles Goldman* of counsel], for Elizabeth C. Barton.

*William G. Phlippeau*, for Fred M. Ahern, receiver.

*Korkus & Korkus*, for Charles Frank.

*Gray & Grossman*, for Grendon Development Corporation and Barnett Grossman.

*Schafran & Rollins*, for Central Avenue Improvement Co., Inc., Celia Tessler and Campbell Mayers, Inc.

*Arthur J. W. Hilly*, for city of New York and comptroller of city of New York.

JOHNSTON, J.  The Trust Company of North America moves for an order directing the comptroller of the city of New York to pay to it as trustee under a mortgage and as assignee certain awards made for the taking of damaged parcels No. 765 to No. 768, inclusive. Subsequent to the execution of the mortgage and assignment, a receiver in sequestration proceedings was appointed for the Ostend Baths, Inc., the former owner of the property.  The receiver seeks

an order directing the payment of the awards to him or, in the alternative, for an order of reference to determine the conflicting interests of the parties, and also for an order consolidating the two proceedings and directing the consolidated proceedings be referred to an official referee to hear and report. Section 983 of the Greater New York Charter (added by Laws of 1915, chap. 606, § 2) and section 22 of the Condemnation Law provide that where there are adverse and conflicting claims to an award payable for a taking by eminent domain the court may determine who is entitled to the award or order a reference to ascertain the facts. The receiver has described the property involved as plot A and plot B. His predecessor in title, Ostend Baths, Inc., was the owner of both. On April 13, 1926, a mortgage covering these plots was made and subsequently by mesne assignments was assigned to the trust company. On July 29, 1926, title to plot A rested in the city of New York. Plot B was not condemned. The receiver does not deny that the trust company held ·a mortgage upon plot A at the time of the taking. Even if he did, the denial would be insufficient since it was adjudicated in the final partial decree that payment of the award was due in the first instance to the trust company as holder of the mortgage.

It is admitted that on January 10, 1928, a certain mortgage was executed upon plot B in favor of the trust company, and on that day, as further security, Ostend assigned to the mortgagee its right, title and interest in and to the award arising from the taking of plot A. The facts as to the priority of these two liens are, therefore, undisputed, and as to them there is no need of a reference. The receiver invokes the equitable doctrine of marshaling assets and seeks to compel the trust company to resort to the remaining real estate for payment of the mortgage debt before it be permitted to collect the awards arising from the land taken. In *Matter of City of New York (East River Park)* (184 App. Div. 509) it was pointed out that since a mortgage for its full amount is a lien on every portion of the land covered by it, and, therefore, a lien for its full amount on the land taken, the mortgagee is entitled to collect the full amount of the mortgage from the award for that portion of the premises condemned, despite the fact that the mortgage is also a lien on the remaining property.

The receiver claims that when the Seashore Operating Corporation became the purchaser at a foreclosure sale of junior mortgages covering the property constituting plot B, it was closely associated with and represented the trust company. He contends that, by reason of this alleged community of interest, the mortgage held by the trust company merged in the fee now owned by the trust com-

pany's alleged dummy. I am inclined to the view that sufficient facts are not alleged to raise this issue, but assuming there are, it is not claimed there are any circumstances which indicate an extinguishment of the debt due the trust company. Unless there was such an extinguishment — whether there was or was not a merger — the debt continues and no issue is raised respecting it.

The partial final decree also provides that if there be any surplus after payment to the trust company it be paid to one Elizabeth Barton. She has filed a claim based upon a certain assignment executed by Ostend and junior in interest to the trust company's lien. The receiver herein attacks such assignment, alleging it was conceived in fraud and given upon inadequate consideration. He asks an inquiry into the facts of such assignment be had and it be declared valid only to the extent of the moneys actually advanced to Ostend. Even assuming the judgments of foreclosure and sale of the junior mortgages of which Barton was the holder are not *res judicata* of the validity of the assignment, the court is without power on an application of this character to grant the relief he seeks.

The motion of the trust company is granted, and the receiver's motions are denied.