FRED S. SOWMA, ·Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29999.)

RAYMOND A. MARTINEZ et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30000.)

LAURA CHAPMAN, as Administratrix with the Will Annexed of MARY T. GAUTHIER, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30004.)

MYRTLE M. FALCONE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30740.)

JOSEPH MICALE et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30741.)

ANTONIO FALCONE et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30742.)

ALICE M. HEXIMER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30834.)

Court of Claims, April 23, 1953.

*De Silver Drew* for Fred S. Sowma and others, claimants.

*Michael M. Cohn* and *Bernard J. Sax* for Alice M. Heximer, claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* of counsel), for defendant.

RYAN, J. By these motions claimants, respectively, seek an order of this court, staying the suspension of interest, not on the judgments which are yet to be entered in these seven cases, but upon the awards which the court has directed. This suspension

is threatened by thirty-day notices given by the Attorney-General under the asserted authority of subdivision 4 of section 19 of the Court of Claims Act. The Attorney-General has added three days of grace by reference to section 164 of the Civil Practice Act. Now, on this subject it seems to the court that there is settled authority that compensation for property appropriated " when not paid coincidentally with the taking of the property, must include some sum in addition to the bare value of the property at the date of the taking to make up for the delay in making payment, so that the compensation may be just. Without the addition of some sum, the requirement of just compensation constitutionally guaranteed, would not be met."

I quote that from *Matter of City of New York (Bronx Riv. Parkway)*, (284 N. Y. 48, 54, affd. *sub nom. A. F. & G. Realty Corp. v. City of New York*, 313 U. S. 540). I also cite *Woodward-Brown Realty Co. v. City of New York* (203 App. Div. 625), also *People ex rel. Central Trust Co. v. Stillings* (136 App. Div. 438, 441), in which the Appellate Division, First Department, stated: " The theory of the law of condemnation is that payment for the land taken shall be coincident with the taking, and if for any reason payment is postponed the right to interest from the time that payment ought to have been made follows as a matter of strict constitutional right." (Citing *Matter of Mayor of City of New York*, 40 App. Div. 281.)

I also supplement my citation of cases with one cited in the *Bronx River Parkway* case (*supra*), viz., *Seaboard Air Line Ry. v. United States* (261 U. S. 299, 306) ; also *Brooks-Scanlon Corp. v. United States* (265 U. S. 106, 143).

Now, as a matter of simple justice of course, a claimant whose property has been taken ought not to profit from any delay of payment resulting from acts of commission or omission on his part. And, along that line, for example, the Legislature has recognized the duty upon a claimant by providing for the suspension of interest on an interest-bearing claim if a claimant fails to file his claim within six months after its accrual. (Court of Claims Act, § 19, subd. 1.)

By chapter 447 of the Laws of 1951 the Legislature amended subdivision 4 of section 19 of the Court of Claims Act, which had been added only a year before by chapter 570 of the Laws of 1950 and in amending it the Legislature incorporated language which appears to put great power in the hands of the Attorney-General. The statute reads: " Where an award is made for the appropriation by the state of real property or any interest therein or for damages to real property caused by the state,

interest thereon, if any, shall be suspended by the clerk of the court in and by the judgment from the expiration of thirty days after notification in writing by the attorney-general to the claimant or his attorney that the attorney-general is ready and willing to approve title to the property covered by the award upon the presentation to him of proper proofs, instruments and vouchers, to the date of such presentation, unless otherwise ordered by the court or a judge thereof on an application by the claimant or his attorney, made prior to the entry of judgment and on notice to the attorney-general, showing a satisfactory reason why interest should not be suspended. Before the entry of judgment, the attorney-general shall notify the clerk of the court in writing of the period of time, if any, during which interest on the award shall be suspended pursuant to this subdivision."

As I view that statute it is of very doubtful constitutionality. It seems to me that it attempts to direct an automatic suspension of a constitutionally guaranteed right by an act of an individual, very likely an employee of the Attorney-General in the title bureau, which may very possibly be arbitrary or controlled by his whim or caprice as to what are " proper " proofs, instruments and vouchers. To require a property owner to supply a certified abstract of his title, as in *Burchard* v. *State of New York* (128 App. Div. 750) and in other cases, is one thing. But the statute is vague and indefinite as to what are the other proofs, instruments and vouchers which may be demanded before an approval of title will be issued.

However, I shall leave the question of constitutionality to the appellate courts where it should properly be resolved. The statute, by the words " unless otherwise ordered by the court or a judge thereof " does give this court the opportunity to continue interest on the awards we have made. A satisfactory reason why interest should not be suspended appears prima facie in claimants' constitutional right to it, a right which is, as I have pointed out, recognized by all authorities.

Claimants have made out a case for the action of the court and I am going to grant them the relief asked and grant them a stay of the suspension of any interest in this case until judgment is entered.