Howard T. Hogan, J.
In this eminent domain proceeding a final decree was entered on May 14, 1965. The claimant herein thereafter appealed from so much of the order of condemnation and the final decree as levied an assessment for benefit against the property remaining after the condemnation.
That portion of this court’s determination was reversed by the Appellate Division (26 A D 2d 581) which remanded for further hearings and determination. Thereafter, and following such hearings, this court adhered to its prior determination and a supplemental final decree was entered on February 23, 1967.
Claimant appealed from that determination and, by order dated April 15, 1968, this court’s determination was unani *718 mously affirmed by the Appellate Division (29 A D 2d 1049) which order was in turn affirmed by the Court of Appeals on April 24,1969 (24 N Y 2d 910).
Claimant now asserts that she is entitled to interest on the net award [the difference between the amount of the value of the property taken and the amount fixed as the assessment for benefit] from the date of taking to the date of payment.
The petitioner contends that it is only required to pay interest from the date of vesting to November 15, 1965, six months after the entry of the original final decree.
Section 320 of the Village Law provides in part that “ Interest shall cease to run on the sums awarded as damages to known owners six months after the date of the filing of the final decree # * * unless within that time demand therefor, in writing, be served upon the village treasurer.”
The Court of Appeals has dealt with the question in Matter of City of New York (Chrystie St.) (264 N Y 319, 323), where it analyzed the same identical language and held: “We have always recognized a distinction, in this class of cases, between an affirmance and a modification * * * The decree as modified becomes the final decree and the six months within which the demand must be served begins to run from the date of modification rather than from the date of original entry of the decree at Special Term.”
The village contends that the appeals'have dealt only with the assessments and not the award. This point is of little significance because the two concepts — award and assessment — both have intimate involvement with the core of the case, the net amount of the award to this claimant.
The determination of this court, as reflected in the final decree was in fact modified by the Appellate Division. While the ultimate findings of this court remain unchanged, the claimant did seek and obtain a reversal of this court’s original determination. Under the Chrystie St. case (supra), this is sufficient to compel the payment of interest by the village until six months after the entry of the supplemental final decree, or until August 23,1967.
The claimant’s attorneys, in a well-prepared brief, argue that interest should be paid to date of payment of the award under the rationale of two Appellate Division cases Woodward-Brown Realty Co. v. City of New York (203 App. Div. 625 [1st Dept., 1922], revd. on other grounds 235 N. Y. 278 [1923] and Matter of City of New York (East Riv. Park) (209 App. Div. 662 [2d Dept.], affd. 239 N. Y. 524 [1924]).
*719 However, as claimant’s attorneys concede, these cases predate the Chrystie St. case (supra), by a decade. The court rejects any of these cases insofar as they are contrary to the holding of the Chrystie St. matter.
However, it appears from the affidavits and the exhibits that the parties had discussed payment during the six months following the entry of the supplemental final decree. It further appears that the village sent the claimant claim forms and affidavits to be executed constituting an absolute satisfaction of the matter.
In the case of Altman v. City of New York (5 Misc 2d 1009) Special Term, Albany County, held that the plaintiffs are not compelled to accept a tender of such payment which poses a threat to their pending appeal. The exhibits attached to the village’s answering affidavits clearly indicate that the village contemplated a total satisfaction despite the pending appeal. The letter of June 19, 1967, to the village attorney from claimant’s attorney is, in the court’s opinion, sufficient to constitute a demand for payment, and the village’s offer to complete an unrestricted payment which would effectively terminate claimant’s right to prosecute her appeal is insufficient to stop the running of interest.
Claimant is entitled to the payment of interest to the date of payment of the award at the statutory rate. The court is constrained to deny the application for interest at a higher rate (Matter of Incorporated Vil. of Hempstead, 59 Misc 2d 547).