In the Matter of CLARENCE HOLMAN, Respondent. WARREN COUNTY, Appellant.

Third Department, November 15, 1944.

*Beecher S. Clother,* attorney for appellant.

*McPhillips, Fitzgerald & McCarthy,* attorneys (*C. E. Fitzgerald* of counsel), for respondent.

HEFFERNAN, J. In 1927 the appellant instituted a condemnation proceeding in the Warren County Court for the purpose of acquiring title to a small portion of land belonging to Pauline Newton for the construction of a public highway.

The court appointed commissioners to ascertain the compensation to be made to the owner of the property.

Thereafter hearings were held and the commissioners made a report dated October 26, 1927, awarding the landowner $2,550. This report was confirmed by the court on October 31, 1927, and the order of confirmation directed the County Treasurer to pay to the owner the amount of the award together with costs. The County Treasurer complied with the court's order.

At the time the proceeding was instituted and when the award was made and confirmed the entire tract of land owned by Pauline Newton, of which the portion taken for highway purposes was a part, was subject to the lien of two mortgages, one dated March 30, 1908, and recorded in the Warren County clerk's office on September 8, 1908, and one dated July 1, 1909, and recorded in the same clerk's office on July 31, 1909.

Through various assignments respondent has become the owner of these two mortgages which are still unsatisfied.

Respondent's predecessors in title to these mortgages were not made parties to the condemnation proceeding and neither the original mortgagees nor their successors in interest have released their claim to the award.

The mortgagees are included within the term " owner " (Condemnation Law, § 2) and hence they were not only proper but necessary parties in the proceeding (Condemnation Law. § 4). The order of confirmation has no binding force on them The term " owner " when employed in statutes relating to eminent domain to designate the persons who are to be made parties to the proceeding, refers, as is the rule in respect of those entitled to compensation, to all those who have any lawful interest in the property to be condemned.

The omission of any necessary or proper party will not invalidate eminent domain proceedings as against such persons as are made parties.

On February 9, 1942, respondent, upon notice to the officials of Warren County and the landowner to whom the award was paid, applied to the Warren County Court for an order amending the final order in the condemnation proceeding by including therein a direction that the Treasurer of Warren County pay to him the amount of the award with interest. His petition shows that there is due and owing to him on the mortgages the sum of $3,500 with interest from October 1, 1931.

After hearing the parties the court by order made on December 7, 1942, amended the final order made on October 31, 1927, in the condemnation proceeding and directed the County Treasurer to pay into court the sum of $2,550, the amount of the award, with interest thereon from June 25, 1927. The order also directed the respondent and appellant to appear before the court so that proof might be taken as to the amount due on the mortgages and provided that the amount found to be due should be paid to respondent and that upon making such payment the appellant should be subrogated to the rights of respondent under his mortgages in the part of the property not taken in the condemnation proceeding up to the amount which appellant should be directed to pay.

From that order appellant has come to our court. The validity or invalidity of that order is the only question before us and the only question upon which we express an opinion. What, if any, remedy is available to either party is not before us.

Respondent's mortgages became a lien upon the award; the award remains as security in place of the property condemned. The lien of a mortgage or of a tax is upon the entire property and where a portion of it is taken in condemnation proceedings and an award made, the lien attaches to the award and the lienor is entitled to satisfy the entire amount of his lien therefrom. (*Utter* v. *Richmond*, 112 N. Y. 610; *Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Matter of City of N. Y.* [*Neptune Ave.*], 271 N. Y. 331.)

In *Matter of City of New York* (*Houghton Ave.*), *supra*, Judge CRANE, writing for the court, said: " Of course the taking in condemnation proceedings of a parcel of land does not get rid of the encumbrances upon that land; they are transferred to the award. Thus a mortgage upon land or a tax lien is not shifted over onto the portion of the property which remains and is not taken in condemnation proceedings — liens are not so easily

disposed of. The lien of a mortgage or of a tax is upon the entire property and when a portion of it is taken in condemnation proceedings and an award made the lien attaches to the award. This is axiomatic. (*Utter* v. *Richmond,* 112 N. Y. 610; *Matter of N. Y. C. R. R. Co.,* 60 N. Y. 116; *Deering* v. *Schreyer,* 171 N. Y. 451; *Matter of Opening of Eleventh Avenue,* 81 N. Y. 436.) A lienor is entitled to satisfy the entire amount of his lien from the award. (*Matter of City of New York [East River Park],* 184 App. Div. 509; *Gates* v. *De La Mare,* 142 N. Y. 307; *Matter of Mayor [Morris Avenue],* 118 App. Div. 117, 121; *Matter of City of Rochester,* 136 N. Y. 83.)

If respondent's application be treated as one to correct an irregularity then relief is barred because not made within one year since the filing of the judgment roll. (Civ. Prac. Act, § 521.)

If the application be regarded as one to set aside a final judgment for error in fact not arising upon the trial section 528 of the Civil Practice Act forbids the granting of relief because more than two years have expired since the filing of the judgment roll. (*Gysin* v. *Gysin,* 263 N. Y. 509.)

The order under review attempts to amend and correct in a matter of substance a final order made seventeen years ago. The error made in the original order is one of law. The order of confirmation erroneously directed the payment of the award to the landowner. It should have directed payment of the amount into court. (Condemnation Law, § 22.)

In discussing the power of a court to amend its judgments the Court of Appeals in *Herpe* v. *Herpe* (225 N. Y. 323) said (citing many authorities): "The rule has long been settled and inflexibly applied that the trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting the judgment. It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal."

We think the court below was powerless to grant the order which it did and hence it should be reversed on the law, without costs, and respondent's motion is denied, without costs.

All concur.

Order reversed on the law, without costs, and respondent's motion denied, without costs.