■ In the Matter of BUFFALO GENERAL HOSPITAL, Respondent-Appellant, v. GEORGE G. SIPPRELL, as Commissioner of Social Welfare of Erie County, Appellant-Respondent, and BRISTOL HOME, INC., Respondent.— Judgment unanimously modified in accordance with the memorandum herein, and as so modified affirmed, without costs. Memorandum: Although an article 78 proceeding is not the proper method for the Buffalo General Hospital (the Hospital) to enforce an alleged contract right against the Bristol Home, Inc. (the Home), the latter interposed an answer and defended the proceeding as an action and first raised the question of the propriety of the proceeding on the oral argument before us. Under such circumstances we treat the proceeding against the Home

as an action for declaratory judgment (see CPLR 103, subd. [c]; *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 29 A D 2d 1042; *Matter of Mandis* v. *Gorski*, 24 A D 2d 181). We deem the notice by the Home to the Commissioner of Social Welfare that Miss Spencer had been placed in the Hospital nine days before and requesting the Commisisoner to pay her hospital expenses, substantial compliance with the notice requirement of section 367 of the Social Services Law as it existed prior to its amendment effective June 22, 1968 (see *Matter of Amsterdam City Hosp.* v. *Hoffman*, 278 App. Div. 292, relying upon *Matter of St. Joseph's Hosp.* v. *Hillman*, 270 App. Div. 972, affd. 297 N. Y. 502). The similar notice and request later made by the Hospital to the Commissioner and the subsequent written exchanges between them show that the Commissioner has not been prejudiced by delayed notice. Subdivision 4 of section 366-a of the Social Services Law, however, provides that where application such as that made in behalf of Miss Spencer is denied, the applicant may appeal to the department which shall review the case and give the applicant an opportunity for a fair hearing thereon. After the Commissioner denied this application no administrative appeal was taken as provided in the statute. Application for such review is a condition precedent to resort to the courts in an article 78 proceeding (*Matter of Towers Management Corp.* v. *Thatcher*, 271 N. Y. 94). In the cited case at pages 97-98 the court quoted with approval from *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh*, 203 App. Div. 468, as follows: " The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal ", and the court expressed the thought that exercise of discretion and judgment by such tribunal will advance the cause of substantial justice. This clearly defines the required procedure. The judgment should be modified by dismissing the petition as against George G. Sipprell, Commissioner of Social Welfare, Erie County, without prejudice to future proceedings by the Hospital against the Commissioner, if so advised, after exhausting its administrative remedies; and the dismissal of the petition as against The Bristol Home should be affirmed. (Appeals from judgment of Erie Trial Term in article 78 proceeding.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.