■ In the Matter of PETER S. O'BRIEN, as President of the Council of Supervisors and Administrators of the City of New York, Local No. 1, SASOC, AFL-CIO, et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent.—In a proceeding

pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Kings County, entered October 7, 1977, which granted the respondent's cross motion to dismiss the petition. Judgment modified, on the law, by deleting the provision granting the respondent's cross motion to dismiss the petition and substituting therefor provisions (1) converting the proceeding into an action for a declaratory judgment and (2) declaring that the respondent did not violate the contract or equity rights of the petitioners. As so modified, judgment affirmed, with $50 costs and disbursements payable to the respondent. Although the petitioners brought an article 78 proceeding alleging that the respondent board of education's rejection of an advisory arbitration award was arbitrary and capricious, and Special Term addressed itself to that issue, the petitioners actually sought a declaration that their contract and equity rights were violated. We treat the proceeding as an action for a declaratory judgment (see *Matter of Buffalo Gen. Hosp. v Sipprell,* 33 AD2d 977), address ourselves to the merits, and arrive at the same result as Special Term. The petitioners argue that the board has breached the parties' collective bargaining contract by interpreting the leave in lieu of sabbatical provision in a manner which is contrary to its past interpretation. They maintain that the board's former practice must continue since it has prevailed for over six years and two successive bargaining agreements. The language of the contract, "immediately upon the expiration of retirement leave", is clear and unambiguous, and the board's former interpretation of the relevant provision cannot be sustained on the basis of ambiguity (cf. *Cross Armored Carrier Corp. v Valentine,* 49 Misc 2d 917, 922-923, affd 28 AD2d 1090). We find that the board has not unilaterally revised or altered the contract. It has merely enforced the contract as it was written. It cannot be estopped from refusing to pay benefits in excess of those required by contract or statute (see *City of New York v Wilson & Co.,* 278 NY 86, 99-100). Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.