■ VILLAGE OF HIGHLAND FALLS, Appellant, v HERMAN KUPERMAN et al., Appellants, et al., Defendant, and MARINE MIDLAND BANK, Respondent. —In a condemnation proceeding, defendants Herman Kuperman, Melvin D. Cohen and Solomon Kuperman and the plaintiff separately appeal from so much of an order of the Supreme Court, entered in Orange County on July 24, 1978, as granted the motion of mortgagee Marine Midland Bank, *inter alia,* to "vacat[e] the final order in condemnation" to the extent of (1) vacating the final order in condemnation, (2) vacating the deed given by defendants to the plaintiff pursuant to the order of condemnation, and (3) directing defendants to return the sum of $54,435 to plaintiff. Order reversed insofar as appealed from, on the law, without costs or disbursements, and motion of Marine Midland Bank denied. On the court's own motion, Jerome Trachtenberg, as executor of Robert Rodway, is substituted as a defendant herein. In our opinion the village's failure to make Marine Midland Bank a party to the condemnation proceeding did not invalidate the proceeding against the fee owners, who were made parties (see *Matter of Holman [Warren County],* 268 App Div 330). The order appealed from violated the principles set forth in *Holman (supra).* What, if any, alternative remedies are available to Marine Midland is not before us (see *Matter of Holman [Warren County], supra,* p 332). We have found no merit, however, to the claim of defendants-appellants that the mortgagee, by its conduct, was estopped from moving against the final order. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ In the Matter of SAUNDRA BERNARD, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated April 7, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for a special allowance to replace furniture lost as the result of a fire. Petition granted, determination annulled, on the law, without costs or disbursements, and the respondents are directed to grant petitioner's application. The petitioner and her family, recipients of public assistance, were rendered destitute, under the circumstances of this case, when their furniture was damaged beyond use due to a fire, and was then discarded by the landlord. They were thus entitled to "emergency assistance" pursuant to the provisions of section 350-j of the Social Services Law. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.

■ In the Matter of ANDREW DONAGHY, Appellant, v THEODORE W. O'NEILL, as Commissioner of Police of the Long Beach Police Department, et al., Respondents.—Judgment of the Supreme Court, Nassau County, dated November 20, 1978, affirmed, with $50 costs and disbursements (see *Matter of O'Brien v Board of Educ.,* 71 AD2d 605). Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.