■ In the Matter of GLORIA C. GEHERIN, as Voluntary Administrator of the Estates of EDWARD W. GILBERT and Another, Deceased, Respondent, v ANTHONY V. SYLVESTER, as Commissioner of Cayuga County Department of Social Services, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Following a fair hearing on the issue of petitioners' eligibility for medical assistance, the State Commissioner of Social Services directed that the Cayuga County Department of Social Services provide medical assistance to petitioners. The county agency set up a program of medical assistance and directed that petitioners' resources in excess of a $3,100 burial and nonmedical expense reserve be applied toward the cost of medical care incurred since April 1, 1977, the date of their application for medical assistance. Petitioners challenged this direction in a CPLR article 78 proceeding and Special Term ordered that $6,324.36 from petitioners' resources be paid to petitioners' daughter to repay money she advanced for petitioners' medical care from January 1, 1977 to March 30, 1977, and that $2,500 be paid to petitioners' attorneys for representation at the fair hearing. Without considering the merits, we reverse on the jurisdictional ground that petitioners failed to exhaust their administrative remedies. Section 358.4 (subd [a], par [3]) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides that petitioners are entitled to a fair hearing before the State Commissioner of Social Services on the issue of disposal of their resources. The decision of the commissioner at the first hearing dealt only with eligibility for medical assistance. Cayuga County's subsequent direction concerned disposal of petitioners' assets, for which petitioner has not yet sought a fair hearing. It is not uncommon to have several fair hearings on different aspects of a claim (see *Sockin v Overcash,* 45 AD2d 717). CPLR 7801 (subd 1) provides that a determination must be "final" before being subjected to CPLR article 78 review. When there are further administrative steps available to secure a change in result, a party must pursue them before going to court (Siegel, New York Practice, § 558, p 779). The doctrine of exhaustion of administrative remedies serves several important functions: first, it conserves judicial resources; second, it protects the integrity of administrative hearings and appeals *(Matter of Harmon v Nenni,* 46 AD2d 993, app dsmd 38 NY2d 847; *Matter of Richards v Mangum,* 35 AD2d 124, 126; 2 Cooper, State Administrative Law, pp 562-566; Jaffee, Judicial Control of Administrative Action, p 424); and third, it insures that the issues receive the benefit of the experience and expertise of the agency *(Matter of Buffalo Gen. Hosp. v Sipprell,* 33

AD2d 977). (Appeal from judgment of Cayuga Supreme Court—CPLR art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.