OPINION OF THE COURT
Loren N. Brown, J.
The petitioner asks the court for a judgment, pursuant to CPLR article 78, reversing and vacating the disposition of a Superintendent’s proceeding at Great Meadow Correctional Facility, its affirmance by the Department of Correctional *246 Services Review Board on June 27, 1986, and the resulting punishment.
A misbehavior report, dated April 25, 1986, charged the petitioner with violation of institutional rules 117.10 — arson, 102.10 — threats, 100.10 — assault, 100.20 — creating a disturbance, 116.10 — destruction of State property, and 106.10 — disobeying a direct order. A tier III proceeding was held on the report on May 2nd through May 6th. Not guilty pleas were entered by Hearing Officer Pedro Quinones on behalf of the petitioner. Pursuant to the New York Code of Rules and Regulations (7 NYCRR 254.6 [b]), Officer Quinones denied the petitioner the opportunity to appear at the hearing, and made his determination in absentia. According to the transcript of the hearing, Officer Quinones excluded the petitioner on the grounds that institutional safety and correctional goals would be jeopardized if he attended. Officer Quinones stated, "Mr. Malik has been at several Tier Ill’s as well as Tier II’s, his conduct at such hearings has increasingly been one of unruliness, overall threatening behavior and at his last time before this Hearing Officer his misconduct included the threatening of the Correctional Sergeant and several Correctional Officers”. Following the hearing, the petitioner was found guilty of most of the charges, and a sentence was imposed. The petitioner, acting pro se, filed an appeal to the respondent contending only that he was improperly denied his right to call witnesses. The appeal was denied. The petitioner, then, obtained the services of Prisoners’ Legal Services of New York and this appeal was filed. The petitioner now appeals solely on the new ground that he was improperly and arbitrarily excluded from the hearing. The respondent opposes the petition on the grounds that the petitioner, by raising one issue on an administrative appeal, and another issue in this article 78 proceeding, has attempted to circumvent the administrative appeal process. Alternatively, the respondent argues that the hearing officer was justified in excluding the petitioner from the hearing.
The court will address the petitioner’s alleged failure to follow proper appeal procedures. If the proceeding is not properly before this court on review, it cannot reach the merits of the petition.
A prisoner, allegedly aggrieved by the determination after a Superintendent’s hearing, is entitled, in the first instance, to an administrative review. (7 NYCRR 254.8.) Following administrative review, the grievant may then bring an article 78 *247 proceeding to review the administrative determination. The role of the court is restricted until after the administrative process is concluded so that the judiciary’s resources may be conserved, the integrity of the administrative process may be protected, and the issue may be first addressed by those in the agency with experience and expertise. (Matter of Geherin v Sylvester, 75 AD2d 991.)
The petitioner is entitled to one appeal, running through the administrative process, and culminating in judicial review. Instead, Mr. Malik is seeking two entirely independent appeals, one administrative, and one judicial, on distinct grounds. He is seeking, not the court’s review of the administrative determination, but a direct appeal of the determination of the hearing officer. Were the petition successful, the court would be reviewing and reversing the respondent, though he never was asked to correct his determination on the grounds now posed.
Though the court is aware that pro se pleadings should be held to a less stringent standard than those drafted by lawyers (Macey v New York State Elec. & Gas Corp., 80 AD2d 669), the pro se pleading should not be so liberally read that the orderly appellate process is distorted, or that an entirely new appeal procedure is created.
Based upon the foregoing, the court concludes that the issues now raised by the petitioner are not properly before the court for review. The petition is dismissed.